15   485
81   419

### D. C. Ogden and wife v. J. D. Giddings.

Where the wife refused to join in the sale of the homestead, whereupon the husband agreed that she should have one of the notes for the purchase money if she would join in the sale, and one of the notes was made payable to the wife and delivered to her, and the husband afterwards acquired another homestead, and occupied it for more than a year, although the wife did not,—the purchaser, the promissor in the note, being garnisheed at the suit of a creditor of the husband on a community debt, and all the parties being before the Court, it was held that the proceeds of the note made as aforesaid to the wife, were liable to the claim of the creditor. It seems that if a new homestead had not been acquired, the decision might have been otherwise.

Appeal from Washington.

*Hamilton, Chandler, McFarland, Walton, Anderson,* and *Bird,* for appellants.

*Giddings & Giddings,* for appellee.

LIPSCOMB, J.  The facts of this case are, that Cox sold to the Sheppards a tract of land including his homestead, for

which the Sheppards executed their three promissory notes for 1433 33-100 dollars each. Mrs. Cox, the wife, refused to give her consent to the alienation of the homestead, in the way required by law ; whereupon her husband agreed that she should have one of the notes in consideration of her consenting to the sale, and one of the notes was destroyed and one given for the amount, payable to Mrs. Cox, and then Mrs. Cox consented to the sale, and title was made to the Sheppards in the mode directed by the statute to make a valid alienation of the homestead. It was in proof that Cox afterwards built a house at Sullivan's Bluff, in Burleson County, and used it as his home for more than a year, but his wife never went there, but resided after the sale to the Sheppards with her only child, Mrs. Ogden, and her husband D. C. Ogden, in San Antonio. Giddings had a judgment against Cox on a debt that was admitted to be a community debt, on which he sued out a writ of garnishment against the Sheppards, who, in answer thereto, disclosed their indebtedness to Cox and their indebtedness to Mrs. Cox. The latter came by interpleader to defend her rights to the debt secured by the note that had been made payable to her, but died before the suit was terminated. And Ogden and wife were made parties on their own application, claiming the proceeds of the note, as heirs of Mrs. Cox, and Ogden claimed the one-half of the same under an assignment made by Cox to him after the death of his wife. The Court below condemned so much of the debt in the hands of the Sheppards as was sufficient to satisfy the balance due Giddings, on his judgment, amounting to between three and four hundred dollars, and Ogden and wife appealed.

That on principles of equity, such arrangements as this, between the husband and wife, would be to some extent sustained, cannot be doubted ; but no rule can be laid down with precision, and it must depend for modification and adaptation to the particular circumstances of each case. The debt secured by the note was designed as an indemnity for the loss of the

Ogden v. Giddings.

homestead to the wife, to which she was entitled, and fully protected by law in its enjoyment, and had it been invested in the purchase of a new homestead, that new homestead would have in like manner been protected from a forced sale and from alienation without the consent of the wife. And again, if it had not been so invested, but had been expended by the wife in supplying to her those comforts which she had been deprived of by the loss of her homestead, it cannot be doubted, that such expenditure would be sustained. If, however, a new homestead had been procured by the husband before such expenditure, it would be interfering too much with the domestic relation subsisting between husband and wife, to say that the wife could be sustained in declining the acceptance of the new homestead. The facts show that a new homestead had been acquired, and we are bound to believe that it was before any portion of the fund had been expended at the death of the wife, because there are none of her creditors interposing, on the ground that they, on the faith of this fund, had supplied to her necessities and deprivations arising from the loss of her homestead. The claimants are, the one an heir and the other a purchaser, from Cox. The heir could not have any right to the prejudice of a community creditor, nor could Cox assign his interest, regarding it as a community fund, to the prejudice of a community creditor ; and the most favorable footing it can be placed upon for those claiming as heir, is to regard it, that is so much of it as remained unexpended at the death of Mrs. Cox, as a community gain. Cox would be entitled to one-half after the community debts were paid, and so much would be subject to the payment of his individual creditor. Only a portion of that amount has been condemned, without intrenching upon the wife's share ; that, in the absence of community creditors would go to the heir. Hence, as this case is presented, we can see no error in the judgment of the Court below, and it is therefore affirmed.

. Judgment affirmed.