### S. C. Gatewood et al. v. Scurlock & Rutledge.

### No. 727.

**Wife's Separate Property — Proceeds of Homestead Sale.** — Personal property received in payment for the homestead of an insolvent debtor, when transferred by him to the wife to be her separate property, upon the sole consideration of her consent to the sale, is not subject to execution in favor of the husband's creditors. Following Blum v. Light, 81 Texas, 414.

Appeal from County Court of Johnson. Tried below before Hon. F. E. Adams.

*Poindexter & Padelford*, for appellants.— 1. The homestead right of the wife is a valuable consideration in law, and will support a valid and binding contract. Blum v. Light, 81 Texas, 414; Const., art. 16, secs. 50, 51; Baines v. Baker, 60 Texas, 139; Hendricks v. Snediker, 30 Texas, 296; Anson on Con., Am. ed., 68, 69; 1 Whart. on Con., sec. 493.

2. The gift or transfer of exempt property is not fraudulent or void as to creditors of the grantor or donor. Cameron v. Fay, 55 Texas, 63; Wood v. Chambers, 20 Texas, 247; Martel v. Somers, 26 Texas, 551; Allen v. Hall, 1 W. & W. C. C., sec. 1279; Montgomery v. Brown, 1 W. & W. C. C., sec. 1305; King v. Harter, 70 Texas, 579; Beard v. Blum, 64 Texas, 59; Porter v. Porter Bros., 5 Willson's C. C., sec. 435.

*Bledsoe, Patton & Brown*, for appellees.—1. Money or property received from a voluntary disposition of the homestead is not exempt. Mann v. Kelsey, 71 Texas, 609; Schneider v. Bray, 59 Texas, 668; Whittenberg v. Lloyd, 49 Texas, 633.

2. The promise or agreement of J. C. Gatewood, made before the contemplated sale of his homestead, to give his wife the proceeds of said sale, the same not being then in existence, was and is absolutely void, and conferred no rights on her to the proceeds when acquired by him. Egerton v. Egerton, 17 N. J. Eq., 419; Batlis v. Schofield, 4 J. J. Marsh., 129; Fink v. Cox, 18 Johns. (N. Y.), 145; Carpenter v. Dodge, 20 Vt., 595; Pope v. Dodson, 58 Ill., 360; Johnson v. Stephens, 22 La., 144; Bish. on Cont., sec. 82; Abbott's Trial Ev., 169–173; Kendrick v. Taylor, 27 Texas, 695; Bradshaw v. Mayfield, 18 Texas, 21; Wellborn v. Exchange Co., 56 Texas, 501.

3. The pretended parol gift of money and notes by J. C. Gatewood to his wife, S. C. Gatewood, was and is under the facts of this case absolutely void as to appellees, who were prior and existing creditors to J. C. Gatewood. Rev. Stats., arts. 2465–2467; Garrity v. Thompson, 64 Texas, 597; Green v. Ferguson, 62 Texas, 525.

STEPHENS, Associate Justice.—Appellant S. C. Gatewood, according to the testimony of herself and husband, J. C. Gatewood, was induced to join in the conveyance of their homestead, the separate property of the husband, in consideration of the proceeds of the sale becoming her separate property. In pursuance of this understanding, the homestead was conveyed and the money and notes received in payment were delivered to the wife as her separate property. Thereafter a portion of the money was invested in cattle, which, by the terms of the bill of sale, were conveyed to the separate use of the wife. Subsequently, thirty-six of these cattle were seized under execution as the property of the husband, and were promptly claimed by the wife, who prosecutes this appeal from a judgment rendered against her. There was a trial by

jury, but the court instructed them to return a verdict for appellees; holding, in effect, that personal property received in payment for the homestead of an insolvent debtor, when transferred to the wife to be her separate property, upon the sole consideration of obtaining her consent to the sale, is not thereby withdrawn from the reach of the husband's creditors.   The very opposite of this is decided in the case of Blum v. Light, 81 Texas, 414, the facts of which are quite similar to the facts of this case.   That case, however, was not reported until after the trial in this case.   It follows, that the judgment must be reversed and the cause remanded for a new trial, in order that the jury, under a proper charge, may pass upon the facts and determine whether the transaction between Gatewood and wife is really what it purports to be or only colorable; and it is accordingly so ordered.

*Reversed and remanded.*

Delivered January 3, 1893.