HOWARD EAVES v. C. T. WILLIAMS ET AL.

No. 746.

1. **Homestead—Rented Land—Exemption—Unpicked Cotton.**—Where the head of a family rents land and lives upon it, the land constitutes a part of his homestead, and unpicked cotton grown thereon is exempt from execution.

2. **Exempt Property, Sale of Not Fraudulent.**—A sale of exempt property can not constitute a fraud upon creditors.

3. **Excessive Levy, Recovery for—Fraudulent Sale.**—Where creditors make an excessive levy upon property purchased by another from their debtor, if such purchaser paid value therefor, he may recover of them the excess above their debts, although such sale was fraudulent as to creditors.

APPEAL from County Court of Johnson. Tried below before Hon. F. E. ADAMS.

*George D. Green,* for appellant.—A conveyance of property exempt by law to the vendor from forced sale can not be fraud on the creditors of such vendor. Cox v. Shropshire, 25 Texas, 113; Moon v. Chambers, 20 Texas, 247; Martel v. Sommers, 26 Texas, 551; Cameron v. Foy, 55 Texas, 63; Bain v. Baker, 50 Texas, 141; Beard v. Blum, 64 Texas, 63; Willis v. Watkins, 46 Texas, 479; Mackey v. Wallace, 26 Texas, 526; Story Eq., sec. 367.

*Henry, Patton & Brown* and *Crane & Ramsey,* for appellees.—Crops, whether growing or standing in the field ready for harvest, when produced by annual cultivation, are personal property, and are subject to mortgage and seizure under execution. McGee v. Fitzer, 37 Texas, 27; 42 Texas, 53; 59 Texas, 628; 65 Texas, 680; 1 Ct. App. C. C., secs. 594, 595, 997; 3 Id., sec. 334; Freem. on Ex. (ed. 1883), sec. 113.

RAINEY, ASSOCIATE JUSTICE.—Appellant sued to recover of C. T. Williams, constable, and his official bondsmen, and Jake Cohen, the value of certain property levied on as the property of one Booth, by virtue of a writ of attachment issued in suit of Jake Cohen versus said Booth. Appellant alleged, that he was the owner of said property by purchase from Booth. Appellees, in reply, pleaded, that if there had been any transfer of said property, the same was fraudulent, having been made for the purpose of hindering, delaying, and defrauding creditors of said Booth.

The property levied upon consisted of three bales of picked cotton, and thirty acres of cotton, unpicked, in the field. The jury, by their verdict, evidently found that the sale to appellant from Booth was fraudulent as against creditors, as there was no other hypothesis upon which such a verdict as rendered could have been based. The evidence as to fraud was conflicting, and under the charge of the court the jury were warranted in so finding. But the court erred in not presenting to the jury a phase of the case raised by the evidence and

special charge asked by appellant, to the effect, that as the unpicked cotton was growing on land that constituted the homestead of Booth, that the same was exempt, and could not be the subject of a fraudulent sale as to creditors.

The court not only failed to instruct the jury on this issue, but expressly withdrew it from their consideration.

The evidence shows that Booth was the head of a family; that he had rented the land and was living on it. The land constituted a part of his homestead, and the unpicked cotton was exempt from execution as it then existed. Ingram v. Phillips, ante, p. 17.

As the unpicked cotton was exempt from execution at the time the sale was made, if a valuable consideration was paid therefor, then such sale would not constitute a fraud upon creditors, as the property was not subject to force sale for the payment of debts.

It has been repeatedly held, that the sale of exempt property by a debtor passes a good title to the vendee as against the debtor's creditors. Such a conveyance is not within the statute of frauds. Cox v. Shropshire, 25 Texas, 113; Bain v. Baker, 60 Texas, 139; Conner v. Hawkins, 66 Texas, 639.

If appellant paid to Booth a valuable consideration for the property, he would be entitled to receive the value of the unpicked cotton as it stood in the field, after deducting the interest, if any, of the landlord. If the sale was simulated and colorable only, then no title passed to appellant, and he would not be entitled to recover damages for its seizure. Cox v. Shropshire, supra. Bain v. Baker, supra.

The principle, we think, also applies to an excessive levy. If appellant did in fact purchase the property, paying value therefor, although it may have been fraudulent as to creditors and they entitled to subject it to the payment of their debts, yet they could only take so much thereof as was reasonably necessary for the payment of such debts; and if an *excessive levy* was made, defendants would be liable for the excess. If, however, the sale was simulated and colorable only, then appellant was not damaged thereby, and can not be heard to complain.

For the failure of the trial court to submit to the jury, under appropriate instructions, the issues of exemption and excessive levy, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 10, 1895.