### SAM J. DRAKE v. DAVIDSON & BAILEY.

#### Decided February 8, 1902.

1.—Wife's Separate Property—Interest in Homestead as Consideration.

The wife has a distinct interest in the homestead, whether the title be separate or community, and property conveyed to her in her separate right to induce her to part with her homestead interest becomes her separate property, and her absolute and exclusive title thereto, with its exemption from liability for the community debts, is not divested or affected by reason of the subsequent acquisition of another homestead. Giddings v. Ogden, 15 Texas, 485, criticised, and Blum v. Light, 81 Texas, 415, followed.

2.—Same—Recital of Separate Property in Deed.

The failure of the deed to the wife to recite that the property so conveyed to her in consideration of her homestead interests was to be her separate estate, did not defeat her right to it as such, and the fact that it was her separate estate could be shown by parol.

3.—Same—Judgment Lien—Execution Purchaser With Notice.

The wife's title and that of her vendee was not subject to a prior judgment lien acquired against the husband for a community debt; and a purchaser at execution sale under the judgment with notice that the wife claimed the land as her separate estate, and that her vendee asserted title under that claim, took no title by virtue of such sale.

4.—Same—Divesting Wife's Title.

Where the title was once vested in the wife to her separate use, the statute prescribes that nothing short of her formal act can divest it. Rev. Stats., arts. 635, 4621.

5.—Findings of Fact—Practice on Appeal.

Where the findings of fact cover every issue material to the support of the judgment, their correctness will not be inquired into on appeal unless they were properly assailed by exception in the trial court. Rev. Stats., art. 1333.

Appeal from De Witt. Tried below before Hon. James C. Wilson.

*Lackey & Lewright,* for appellants.

*Davidson & Bailey,* pro se.

GILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellant, Sam J. Drake, against the appellees, Davidson & Bailey, to recover of them certain lots of land in the city of Cuero, Texas. A trial before the court without a jury resulted in a judgment for the appellees, from which this appeal is prosecuted. The following facts appear practically without dispute:

The A. B. Frank Company, of San Antonio, held a judgment against R. C. Patterson, of Cuero, De Witt County, and had same abstracted and recorded in said county in 1896. At that time Patterson was an insolvent, having failed in business a short time prior thereto. He was a married man, and he and his wife owned a homestead in or near Cuero on which they resided.

Thereafter he decided to sell his homestead to Sam C. Lackey for $800 cash and the lots in controversy valued at $450. His wife, however, refused to join in this deed unless the lots forming part of the consideration should be deeded to her in her separate right. To this the husband assented and the homestead was deeded to Lackey on the terms above named, he executing a deed to Patterson's wife for the lots. Although Mrs. Patterson was named as grantee in this deed, Lackey, who drew it at the request of the parties, inadvertently failed to embody therein a clause indicating that the land was conveyed to Mrs. Patterson in her separate right. The Pattersons negligently failed to place this deed of record. They then moved to Sweetwater, Texas, and acquired another home. At the time of the sale of the homestead Patterson owed many other debts in addition to that owed to the A. B. Frank Company, which he was unable to pay. The $800 cash received from Lackey was appropriated by him to the payment of his indebtedness.

Thereafter on April 1, 1899, Mrs. Patterson, joined by her husband, conveyed the lots in controversy to the appellant for a recited consideration of $500 cash, and this deed was recorded in De Witt County, January 15, 1900.

On December 18, 1899, an alias execution based on the A. B. Frank Company judgment was levied upon the lots as the property of R. C. Patterson, and on February 8th were sold thereunder, one W. F. Harris, as agent for the judgment, creditor, becoming the purchaser on a bid of $25.

Prior to this sale Lackey notified Harris that the property did not belong to R. C. Patterson but had been deeded by him, Lackey, to Mrs. Patterson as part of the consideration for the sale of her homestead, and that she claimed it as her separate property. Harris was at the same time apprised of the deed from Mrs. Patterson to appellant, which by that time had been placed of record. Thereafter the appellees, Davidson & Bailey, bought the lots and judgment from the A. B. Frank Company with full knowledge that Mrs. Patterson claimed them as her separate property. The deed from the Pattersons to Drake, the appellant, was given in satisfaction of a debt due him for money borrowed.

This statement of the facts indicates the title as relied on by each party respectively, Sam C. Lackey being the agreed common source.

The trial court found as a fact that Mrs. Patterson parted with her homestead rights under an agreement that she should have the lots in controversy in her separate right, and that the deed from Lackey to her was intended to have that effect and was executed to induce her to sign the deed by which the homestead was conveyed. It was also held

that such an arrangement would render the lots in controversy the separate property of the wife if the deed executed in pursuance thereof contained the necessary recitals to convey notice to third parties of the nature of the title.

Because of the absence of such stipulations the trial court adjudged the land to appellees, and for this the appellant assigns error.

The creditor has no interest in the homestead exemption. The owner may give it away and the creditor will not be heard to complain. In dealing with the owner the creditor is not presumed to take it into consideration as a possible asset or to extend credit on account of it. Cox v. Shropshire, 25 Texas, 123; Eaves v. Williams, 31 S. W. Rep., 86; Connor v. Hawkins, 66 Texas, 639; Baines v. Baker, 60 Texas, 139. It is true, when abandoned it becomes subject to execution for the satisfaction of the debts of the owner, and it is equally true that property taken in exchange therefor is alike subject unless appropriated to homestead uses.

The wife, however, has a distinct interest in the homestead whether the title be separate or community,—an interest which she may assert independent of and contrary to the wishes of her husband. For this reason it has been held that property deeded to her in her separate right to induce her to part with her homestead interest becomes absolutely her own and is exempt from forced sale for the satisfaction of community debts. Blum v. Light, 81 Texas, 415, and authorities cited.

The case of Giddings v. Ogden, 15 Texas, 485, relied on by appellees, seems to us to be inconsistent with the doctrine announced in Blum v. Light, supra, and illogical as well. For instance, it holds that property conveyed to the wife in her separate right in exchange for her homestead interest becomes her separate property, but further holds that the subsequent acquisition of another homestead by the head of the family divests this separate title and renders it subject to community debts. Now in both the cases cited above the property claimed by the wife was personal property. If in Giddings v. Ogden the property had been realty and the title thereto had been vested in the wife by the terms of the deed, the effect of the rule announced in that case would have been to divest one of title to real estate, not by a deed of writing and with her consent freely and understandingly given, but by the mere force of the independent act of her husband by which she is supposed to be benefited. In so far as the cases are at variance with each other we incline to follow Blum v. Light, which is a well considered case and the latest utterance of our Supreme Court on the question. See also Gatewood v. Scurlock, 21 S. W. Rep., 55.

It follows, therefore, that had the deed by its terms declared this the separate estate of the wife, those dealing with it as the property of the husband could acquire no interest therein.

This brings us to a consideration of the question whether the failure to insert the necessary clause in the deed to Mrs. Patterson was fatal to her separate right in the property.

It is well settled that property bought with the separate funds of the wife becomes hers independent of the recitals in the deed, and the fact may be shown by parol.   Parker v. Coop, 60 Texas, 114; Railway v. Durett, 57 Texas, 48; Blum v. Rogers, 71 Texas, 668.

The deed containing the necessary recitals is not the creator of the separate right, but the evidence of it.   In this case the land in question became the property of the wife by force of the agreement of the parties and the fact of her consent to the alienation of the homestead.   As said in Blum v. Light, supra, she parted with a valuable right which constituted a valuable consideration supporting the deed to her.   It is true the mere fact that she joined her husband in the deed to the homestead, thus parting with her rights therein, would not alone change the character of the property acquired in consideration therefor or give to her any separate interest therein.   To that must be added the fact that the deed to her was the inducement for her to sign, and that element, as has been seen, is present in this case.

We think it clear that her right could be established by parol, and that the mere inadvertence on the part of the draughtsman of the deed would not debar her from asserting the rights which grew out of the transaction considered in its entirety.

Appellant bought the property, dealing with it as hers.   She was the principal vendor in the deed to him.   This deed indicated that she was asserting ownership in her own right and was of record prior to the execution sale.   In addition to this, actual notice of the facts was given to the agent of the A. B. Frank Company prior to the sale, and the appellees had like knowledge.

The judgment lien could attach to no greater interest than the judgment debtor had.   The facts disclose that he had none, and that the judgment creditor and the appellees had knowledge of this before the sale.   We think the conclusion inevitable that the trial court erred in rendering judgment for appellees, and the facts being undisputed the judgment is reversed and judgment here rendered for appellant.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

Appellees still maintain that the doctrine announced in Ogden v. Giddings (cited in the main opinion) should determine this appeal, and have presented their contention with much force both in the motion and in oral argument thereon.   It is argued that by permitting the husband in exchanging the community homestead for other property to have the consideration deeded to the wife in her separate right, opens but another inviting door to fraud, and would enable one so minded to thus transfer an indefinite amount of property beyond the reach of his creditors.   The objection is not without force, but a similar objection to the homestead exemption itself might be urged with equal force.   A fear of this consequence doubtless induced the court to hold in Ogden

v. Giddings, supra, that the acquisition of another home annulled the separate character of the property previously deeded to the wife in consideration of her surrender of her interest in the former home. But it seems to us to be in unmistakable conflict with the later cases cited in the main opinion. That the wife's interest in a homestead is sufficient to constitute a valid consideration for a deed of property to her in her separate right is settled law in this State. This being conceded, and the title once vesting in her to her separate use, the statute itself prescribes that nothing short of her own formal act can divest it. Rev. Stats., arts. 635, 4621.

We do not desire to add anything further to what was said in the main opinion upon this point. We have found no reason to change our views.

The next complaint is that the facts do not show that Mrs. Patterson refused to sign the deed to her homestead until she was promised the lots in question in her separate right.

A complete answer to this is that the trial court so found and neither appellant nor appellees excepted to the findings of fact. Appellees contend that this court is not bound by the trial court's findings of fact, and may look to the record for reasons to affirm the judgment if the findings of fact are insufficient or against the record. This is true where the findings of fact merely fail to embrace a finding upon every issue material to the support of the judgment. In such case, if the statement of facts contains evidence sufficient to supply the necessary finding, the trial court is presumed to have resolved the issue in favor of the judgment. The same rule is applied to the findings of a jury upon special issues where the points are not properly preserved by appellant. But where either the special findings of a jury or the findings of fact prepared by the court cover all the issues of fact their correctness will not be inquired into by this court in behalf of either party unless properly assailed. The questions are purely law questions in such a case, and the inquiry is, "What judgment must follow upon the facts found?" Rev. Stats., art. 1333.

Such is the attitude of the present case. The court found distinctly and separately upon every controverted issue of fact. He found the facts to be as stated in the main opinion.

We have, however, taken the trouble to carefully examine the statement of facts, and think the fact conclusions of the trial court find ample support therein. Patterson and his wife both testify that Mrs. Patterson made this deed to her a condition to her signing the deed to Lackey, by which the homestead was conveyed.

We do not doubt the correctness of our conclusion. The motion is therefore overruled.

*Overruled.*

Writ of error refused.