GASSAWAY et al. v. BROWNING et al. (No. 423.)

(Court of Civil Appeals of Texas. El Paso. March 26, 1915. On Rehearing, April 22, 1915.)

INSURANCE ⬤ː⟩580 — RIGHT TO PROCEEDS — VENDOR AND PURCHASER.

Where the purchaser of lands gave purchase-money notes secured by a vendor's lien, a subsequent purchaser, taking subject to the lien, but assuming no liability on the notes, who insured the premises for his own benefit, as against the plaintiff who by regular conveyance had become the owner of the vendor's lien, was entitled to the proceeds of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1439–1443; Dec. Dig. ⬤ː⟩580.]

Appeal from District Court, Ector County; S. J. Isaacks, Judge.

Action by M. B. Gassaway and others against W. H. Browning, Jr., and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Chas. Gibbs and Earl Anderson, both of Midland, and E. M. Whitaker, of El Paso, for appellants. W. A. Hudson and E. C. Canon, both of Pecos, for appellees.

### Findings of Fact.

HIGGINS, J. J. J. Henderson conveyed to E. A. Bigham certain premises upon which a house was situate of the value of $2,750 or more. In part payment Bigham executed purchase-money notes to secure payment of which a vendor's lien was expressly retained in the deed of conveyance. Bigham conveyed the premises to E. L. Hunter, who, in

turn, conveyed to Browning. The latter purchased the premises subject to the lien of the purchase money, but assumed no personal responsibility upon the notes. The notes were transferred to M. B. Gassaway, who by regular conveyance became the owner of the superior title reserved to secure the payment of the notes. The Hartford Fire Insurance Company issued to Browning a policy, insuring the house upon the premises against destruction by fire. Browning paid the premium. The house burned, and there is now payable upon the policy the sum of $1,900 which was paid into the registry of the court by the insurance company. There is now due and unpaid upon the purchase-money notes the sum of $2,450.50. The value of the premises was $4,000 prior to the destruction of the house; since its burning the premises are of the value of $1,250. The insurance policy did not provide for the payment of any portion of the loss to the holder of the notes. Browning procured the policy of insurance for his own benefit. It provided that the company should, in event of fire, pay the assured $2,000, or, at its option, would replace the house. The deeds under which Browning held did not require him to keep the improvements insured for the benefit of the holder of the purchase-money notes, nor does it appear that he otherwise agreed to do so. This suit is by Gassaway to recover upon the purchase-money notes, to foreclose the vendor's lien, and to subject to the payment of the notes the amount due upon the policy of insurance. Judgment was rendered ordering the money paid to Browning, and Gassaway appeals. The sole question is Gassaway's right to recover the moneys due upon the policy under the facts stated.

### Conclusions of Law.

In Cameron v. Fay, 55 Tex. 58, it was held that a mechanic's lien upon improvements situate on a homestead did not attach to a policy of insurance covering the improvements or to moneys due thereon after fire. This particular holding was not in any wise founded upon the exempt character of the property, but was based upon the well-settled rule that the policy is a strictly personal contract, and does not attach to the lien or realty, and, in the absence of an agreement upon the part of the lienor that the premises shall be insured for the benefit of the lien creditor, the latter has no claim upon the policy or its proceeds. To the same effect is Ward v. Goggan, 4 Tex. Civ. App. 274, 23 S. W. 479, and Porter v. Porter, 2 Willson, Civ. Cas. Ct. App. § 433.

So far as we are advised, all of the authorities are to the same effect, and hold that, in the absence of such an agreement, or of a clause in the policy making the loss payable to the mortgagee, or of an assignment to him, the mortgagee has no interest in a policy taken out by the mortgagor upon his own interest. 4 Cooley's Briefs on Insurance, p. 3699; 19 Cyc. 884–887; Jones on Mortgages (2d Ed.) § 401.

In the case at bar there was not even a personal obligation upon Browning's part to pay the plaintiff's debt. Upon no possible theory could it be contended that the proceeds of a policy which he had taken out for his own benefit could be applied to the liquidation of a debt for the payment of which he had assumed no personal responsibility.

Neither is there any reason apparent why the same rule should not apply in the case of a vendor's lien as in mortgage or other liens. The reasons for the rule are in no wise founded upon the character of the lien.

There is nothing in Chase v. Swayne, 88 Tex. 218, 30 S. W. 1049, 53 Am. St. Rep. 742, opposed to this view. In that case it was simply held that, upon involuntary conversion of homestead improvements into money, the same (proceeds of fire insurance policies) would be impressed with the same exempt character as attached to the improvements. Affirmed.

### On Rehearing.

In response to request so to do, we find that the fund in controversy herein has been deposited in the registry of the court by the Hartford Fire Insurance Company, and is subject to the order of the court.

The motion for rehearing is overruled.