WESTCHESTER FIRE INS. CO. v. THOMAS GOGGAN & BRO.   (No. 7519.)

(Court of Civil Appeals of Texas. Galveston. Feb. 7, 1918. Rehearing Denied March 28, 1918.)

1. EXEMPTIONS ☞65 — PURCHASE MONEY LIENS.

While a piano purchased on installments is exempt from execution for the general debts of the purchaser, it is not exempt from sale to satisfy the unpaid installments secured by a mortgage.

2. EXEMPTIONS ☞93—WAIVER — EFFECT ON GARNISHEE.

Where defendant purchased piano on installments, and took out insurance thereon in his own name, and the piano was destroyed by fire, and he and the seller's agent notified the insurer's agent that a part of the insurance proceeds was to be paid to the seller, the purchaser waived his right to an exemption of such proceeds, and the insurer, when it paid the full amount to the purchaser, after being garnished by the seller, could not avail itself of the plea of such exemption.

3. EXEMPTIONS ☞57—INSURANCE PROCEEDS.

A chattel mortgage gives the mortgagee no lien upon proceeds of a fire insurance policy upon the property, where the policy is taken by the debtor for his own protection.

**4. APPEAL AND ERROR ☞1054(1)—HARMLESS ERROR.**

Admitting immaterial and irrelevant evidence was harmless error, where the case was tried before the court without a jury.

**5. EXEMPTIONS ☞148—EVIDENCE—ADMISSIBILITY.**

In proceedings by seller to garnish proceeds of insurance policy on chattel sold, on the issue whether the debtor had waived exemption of such proceeds by notifying the insurance company to pay the plaintiff's debt therefrom, a letter from the debtor to plaintiff, stating he had insured the chattel for plaintiff's benefit, was admissible.

**6. EXEMPTIONS ☞148—EVIDENCE—ADMISSIBILITY:**

In an action against an insurer of a piano as garnishee, the agent of the seller of the piano could testify that he went with the debtor to the insurance office when the debtor instructed the agent to pay part of the policy to the creditor, as bearing on waiver of exemption and notice to the insurance company thereof.

Appeal from Galveston County Court; George E. Mann, Judge.

Action by Thomas Goggan & Bro. against W. M. Mills, wherein the Westchester Fire Insurance Company was garnished. Judgment for plaintiff against the garnishee, and the garnishee appeals. Affirmed.

Geo. Q. McCracken, of Galveston, for appellant. F. Spencer Stubbs and James B. & Charles J. Stubbs, all of Galveston, for appellee.

LANE, J.ː Thomas Goggan & Bro. sold and delivered to one W. M. Mills a certain piano in November, 1914, for which Mills owed them a balance of the purchase money of $170.60. To secure this balance a mortgage was given by Mills to Goggan & Bro. upon said piano. This mortgage was at once duly registered. On June 12, 1915, the appellant, Westchester Fire Insurance Company, executed and delivered to the said W. M. Mills a policy of fire insurance for $200 upon the piano in question and for $500 upon other household furniture which was exempt to him as the head of a family. There was no provision in the policy for the payment of any part of the insurance to Goggan & Bro. as their interest might appear or otherwise.

On the 12th day of August, 1915, the piano and other property covered by said insurance policy was destroyed by fire. On the 20th day of August, 1915, an agent of Goggan & Bro. had an agreement with W. M. Mills that $170.60 of the insurance upon the piano should be paid by the insurance company to Goggan & Bro. On said last-named date Mills, in company with said agent of Goggan & Bro., notified John P. Smith, local agent of the insurance company, at San Augustine, Tex., who issued and delivered the policy to Mills, and who thereafter delivered to him the company's check for $650 in settlement of the loss, that Mills had agreed with said agent of Goggan &

Bro. that $170.60 of said insurance money should be paid to Goggan & Bro. by said insurance company. Smith refused to recognize said notice and informed the agent of Goggan & Bro. and Mills that he had no authority to pay Goggan & Bro. any sum, and that the matter would be handled through the general office of the company; that he had no authority to deduct any sum from any check which might be sent to him in settlement of the loss due under the policy, regardless of the order of Mills so to do. Thereafter, on the 24th day of August, 1915, Goggan & Bro. brought suit in the justice court of precinct No. 1 of Galveston county against W. M. Mills for said balance of $170.60, and for a foreclosure of their lien upon said piano, and at the same time procured the issuance of a writ of garnishment, which was duly served upon the Westchester Fire Insurance Company, directing them to answer and show for what amount, if any, it was indebted to Mills, or what effects of the said Mills it had in its possession, if any, etc. Judgment was rendered in favor of Goggan & Bro. against W. M. Mills in the justice court on the 4th day of October, 1915, and was in force and unsatisfied after the writ of garnishment was served upon appellant insurance company, and at the time judgment was rendered in this cause.

On the 15th day of February, 1916, the insurance company answered in the garnishment suit in said justice court, saying:

"That on June 12, 1915, this garnishee issued to one Willie Mills, for the term of one year, its policy of insurance No. 16416, for the sum of seven hundred dollars ($700.00), of which said sum $500.00 was to be applied to the household furniture, and $200.00 on the piano of the said Willie Mills; that the property of the said Willie Mills so insured by this garnishee was destroyed by fire on August 12, 1915; that at the time said writ of garnishment was served upon this garnishee the liability of this garnishee to the said Willie Mills by reason of the destruction of the property insured by this garnishee had not been established, for the reason that proofs of loss had not been completed, and an investigation as to the cause of the fire or the loss sustained by the said Willie Mills had not been completed, and that at that time it was not determined in what sum, if any, this garnishee was indebted to the said Willie Mills or W. M. Wills, if the said W. M. Mills and Willie Mills are one and the same person; that on or about November 17, 1915, it was finally determined that this garnishee was indebted to the said Willie Mills in the sum of $650.00 by reason of the loss sustained by the said Willie Mills in the loss of the household furniture and piano so insured by this garnishee; that the said Willie Mills at the time that the liability of this garnishee was established was a married man, living with his wife and the head of a family, and said property so insured by this garnishee in favor of the said Willie Mills, as well as the proceeds arising from the contract of insurance, being exempt to the said Willie Mills under the laws of the State of Texas, it forwarded on said date last aforesaid to its agent, one John P. Smith, its check payable to the order of Willie Mills for the sum of $650.00, covering loss sustained by

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the said Willie Mills under said policy No. 16416; that its said local agent, John Hanna, at the time the original answer of this garnishee was filed, was not advised of the loss sustained by the said Willie Mills or W. M. Mills, nor that this defendant was indebted to the said Willie Mills or W. M. Mills in the sum of $650.00, or any other sum, for the reason that the loss sustained by the said Willie Mills had not at that time been ascertained or established.

"This garnishee would further show to the court that it is not now, nor was it at the time said writ of garnishment, was served upon it, in possession of any effects belonging to said Willie Mills or W. M. Mills; that it does not now know of any person or persons who are indebted to the said W. M. Mills or Willie Mills, or who have effects belonging to him in their possession.

"Further answering herein, this garnishee says that the amount due the said Willie Mills or W. M. Mills at the time the writ of garnishment was served upon it was for loss sustained by the said Willie Mills on the household furniture and piano of the said Willie Mills, and that said sum due the said Willie Mills under said policy of insurance aforesaid was, at the time that the writ of garnishment was served upon this garnishee, exempt from garnishment or forced sale to the said Willie Mills, and not subject to the writ of garnishment herein served upon this garnishee; that the property insured was exempt to the insured as well as the proceeds due under the policy of insurance, and not subject to the writ of garnishment herein.

"This garnishee alleges, as in its original answer, that it has had to employ an attorney, Geo. Q. McCracken, to answer for this garnishee, and that it is entitled to have judgment for its reasonable attorney's fees incurred in filing this answer.

"Wherefore garnishee prays, as in its original answer, that it be discharged, with its costs and attorney's fees, and that plaintiff take nothing by its suit against this garnishee; and further prays for such other and further relief, special and general, in law and equity, that it may show itself justly entitled to."

This answer was controverted by appellee.

Judgment was rendered in favor of Goggan & Bro. against the garnishee insurance company for the sum of $170.60, and $3.10 costs of court. From this judgment the insurance company appealed to the county court of Galveston county, where the cause was again tried before the court without a jury, and judgment again rendered in favor of Goggan & Bro. against the garnishee insurance company for $170.60, with interest thereon at the rate of 6 per cent. from the 8th day of October, 1915, and costs of suit. From this judgment of the county court the insurance company has appealed to this court.

At the request of appellant the trial court filed his findings of fact, among which are the following:

"I find that defendant Mills had agreed with plaintiff's agent, and they together notified the garnishee through its agent, John P. Smith, on August 20, 1915, that plaintiff had a lien to secure an indebtedness of $170.60 on defendant's piano that had burned, which amount defendant Mills desired that the insurance company pay directly to plaintiff.

"I find the garnishee insurance company was indebted to the defendant Mills on said piano in a sum exceeding $170.60 at the time writ of garnishment was served.

"I find that at the time writ of garnishment was served and an answer thereon filed by garnishee it was indebted to the defendant in the original cause in the sum of $650.00.

"I find that on or about November 7, 1915, the garnishee sent to its agent John P. Smith its check payable to the order of defendant for the sum of $650.00, covering loss sustained by the destruction of said piano and household furniture by fire of August 12, 1915."

These findings of the court are not challenged by any assignment of error in the brief of appellant.

The substance of the first and second assignments is that, as the undisputed evidence shows that the piano in question was a part of the household furniture of Mills, the head of a family, and exempt from forced sale for the payment of his debts at the time it was destroyed by fire, the insurance thereon was also exempt to him, and it was the duty of appellant to plead the exemption mentioned for Mills in its answer to the writ of garnishment, and that, having made such answer, the court erred, under the facts proven, in rendering judgment against appellant, because, as the piano was exempt property of Mills, the insurance money paid under the policy for its destruction was also exempt from the payment of appellee's judgment against Mills.

[1, 2] It must be and is conceded that the piano, under the facts proven, was exempt from forced sale for the payment of the general debts of Mills; but it cannot be in good faith contended that it was exempt from sale to satisfy the debt of Mills, which was secured by a mortgage upon the same. Appellant, however, makes the further contention that, although appellee might have had the piano sold before its destruction by fire to satisfy their mortgage lien, they could not subject the money due under the policy of insurance for its destruction, because there was no provision in the policy that such insurance money was to be paid to appellee in case of loss by fire; that money due from a policy of fire insurance taken by debtor for his own protection, for loss of personal property which is exempt from execution, is not subject to garnishment, even where the creditor has a lien on the property destroyed. Appellant cites in support of this last contention Ward v. Goggan, 4 Tex. Civ. App. 274, 23 S. W. 479, and Cameron v. Fay, 55 Tex. 59. The cases cited and many others support the contention; but, while the policy of insurance issued to Mills was not by its terms for the benefit of Goggan & Bro., we think the evidence shows, as found by the trial court, that Mills had agreed with appellees, Goggan & Bro., through their agent, that $170.60 of the money due under the policy of insurance should be paid to them, and that appellant insurance company had notice of such agreement before and after the writ of garnishment was served upon it, and before it paid Mills $650 in settlement of its liability under said policy of insurance. Mills had waived his right to have $170.60 of said insurance money exempted from the

payment of appellee's claim against him, and, as appellant had been so notified, it cannot relieve itself of liability imposed by service of the writ of garnishment upon it by pleading an exemption for Mills which he had waived.

The insurance money was not exempt to Mills after he had consented that it should be paid to appellee. Regardless, however, of this waiver, appellant paid the entire sum of $650 due under the policy to Mills after the writ of garnishment had been served upon it. We think the law and evidence supports the judgment rendered. We therefore overrule the first and second assignments.

By the third assignment it is insisted that the trial court erred (1) in admitting in evidence the mortgage from Mills to Goggan & Bro., and (2) in admitting in evidence a letter written by Mills to Goggan & Bro. of date June 15, 1915, in which he said to Goggan & Bro. that he had insured the piano in question for the use and benefit of them (Goggan & Bro.), because the insurance company was no party to nor in any way connected with the promise or information contained in said letter, nor did it have any knowledge of the contents of the letter, and could not be bound thereby, and that the admission in evidence of said letter was prejudicial to defendant, and the contents of the same were immaterial and irrelevant to any issue in the cause.

[3, 4] Appellee, Goggan & Bro., had no lien upon the insurance money paid for the loss of the piano by virtue of the mortgage. Ward v. Goggan, 4 Tex. Civ. App. 274, 23 S. W. 479; Cameron v. Fay, 55 Tex. 59. The fact that Goggan & Bro. had an unsatisfied lien upon the piano before its destruction was an immaterial and irrelevant fact to any issue in the cause, and the admission of the mortgage in evidence was error; but, as the case was tried before the court without a jury, the error was harmless.

[5] The letter was properly admitted in evidence. George R. Sutton, agent for Goggan & Bro., had testified that Mills had gone with him to see J. P. Smith, agent for the insurance company, at San Augustine, on the 20th day of August, 1915, and that at that time Mills told Smith to pay Goggan & Bro. $170.60 of the insurance money due him under the insurance policy; that Goggan & Bro. had a mortgage on the piano for the purchase money, and that he wanted a check issued to them for $170.60. Mills testified for the insurance company that he did not, after the fire that destroyed the piano, call on J. P. Smith, agent for the insurance company, in company with Sutton, and tell Smith that Goggan & Bro. had a mortgage on the piano, and instruct Smith to pay Goggan & Bro. $170.60, but that he had a talk about the matter with Sutton. The letter from Mills to Goggan & Bro., the admission of which in evidence is complained of, is as follows:

"San Augustine, Texas, June 16, 1915.

"I am in receipt of yours of late date, and in reply will say that I have done all I could to get the money to send you on my piano act., but have failed. I have been up against it of late, but can commence paying again on the 1st. I do not intend to get behind with my payments and stay behind. I will catch up in a month or two. I have on a deal and if I make it you will get settlement in full this fall, so be patient for a while at least. I am aware of the fact that you as all other concerns needs all the money you can get, and especially times like this, but if you can wait awhile you will get all I am due you.

"I have taken out insurance on the piano especially for your protection, so if I should have an accident I could pay off this instrument.

"Respt.,      W. M. Mills."

We think the letter was admissible as tending to support the testimony of Sutton and to discredit that of Mills, and for these purposes was admissible.

[6] We overrule the fifth assignment, by which complaint is made of the admission of the testimony of the witness George Sutton, hereinbefore stated. We think this testimony was clearly admissible to show that Mills had waived his exemption to $170.60 of the insurance money; that he had agreed with Sutton, as agent for Goggan & Bro., that said sum should be paid to Goggan & Bro., and that appellant insurance company had notice of such agreement and waiver long before it paid Mills any part of the $650 due under the policy of insurance.

We find no such error in the trial of the cause as should cause a reversal of the judgment rendered; therefore the judgment of the trial court is affirmed.

Affirmed.

PLEASANTS, C. J. I concur with the majority of the court in the opinion that the judgment of the court below should be affirmed, but think the affirmance should be based upon the ground that the insurance on the piano was taken out for appellee's benefit, and in consideration of appellee's forbearance to institute proceedings to collect the notes given by Mills for the purchase money on the piano, and which were due when the insurance was obtained. The letter from Mills to appellee, set out in the opinion of the majority, states that the insurance was "taken out especially for your [appellee's] protection." The trial court finds that Mills wrote this letter to induce appellee to extend the credit. This finding is not complained of by appellant. The undisputed evidence shows that at the time the insurance was taken, which was a few days before the letter above mentioned was written, several, if not all, the notes given appellee by Mills were due, and appellee was demanding payment, and that after the receipt of the letter no action was taken by appellee to enforce the payment of the notes by suit and foreclosure of the mortgage upon the piano.

I think these facts clearly show that the

insurance on the piano was taken out for appellee's benefit, and that in consideration of the procurement of the insurance appellee forbore to enforce the payment of the notes by suit and foreclosure of the mortgage. As between Mills and appellee, the right of appellee to have the purchase-money notes for the piano paid out of the proceeds of the insurance policy cannot be doubted, and the failure of the policy to so state is immaterial in view of the fact that the evidence shows that appellant was informed by both Mills and appellee, before it paid the amount due on the policy to Mills, that the amount due appellee for the piano was to be paid out of the insurance money. Appellant, it seems to me, had no more right to pay the money to Mills after the notice it had of appellee's right thereto than it would have had if the policy, by its written terms, had been made payable to "appellee as its interest might appear," which is the usual form in which insurance policies taken out on property by debtors for securing the mortgage creditor are written. The following general statement from 2 Ruling Case Law, p. 614, of the principle of the law of equitable assignments, is applicable to any assignment of an interest in a chose in action, whether the assignment is intended to pass the absolute title or is only intended as security for a debt:

"Since equity disregards mere form, no particular words or particular form of instrument is necessary to effect an equitable assignment. Any language, however informal, if it shows the intention of the owner of the chose in action to transfer it, so that it will be the property of the transferee, will act as an equitable assignment. It has been said that any order, writing, or act which plainly makes an appropriation of a fund or debt may amount to an equitable assignment, and that the true test of an equitable assignment is whether the debtor would be justified in paying the debt to the person claiming to be the assignee. Thus it has been held that there is a valid assignment in equity whenever the person to whom an obligation is due authorizes its payment to another, either for his own use or for that of some other person, or authorizes any one to receive or hold the moneys, and to apply them to any specific purpose other than for the benefit of the assignor. An assignment may be in parol, or partly in writing and partly oral. If the equitable assignment of a debt is in writing, and the intent and contract of the parties are not fully expressed, it has been held that parol evidence is admissible as in similar cases in reference to written instruments. Moore v. Lowrey, 25 Iowa, 336, 95 Am. Dec. 790."