## SORENSON v. CITY NAT. BANK et al.
### (No. 263.)

Court of Civil Appeals of Texas. Eastland. March 4, 1927.

Rehearing Denied April 8, 1927.

1. Exemptions ⬸89—Exclusion of waiver of exemption by husband debtor held error, where funds in controversy, deposited in wife's name, could have been found to be community property.

In garnishment proceedings to recover money in bank in debtor's wife's name, exclusion of evidence of waiver of exemptions by debtor *held* error, where fund in controversy could have been found to be community property, since husband could waive exemption and allow money to be appropriated to payment of community debts.

2. Judgment ⬸199(1)—Trial court cannot render judgment non obstante veredicto, even though verdict is contrary to law and evidence.

Trial court cannot render judgment non obstante veredicto, even though the verdict of the jury is contrary to law and evidence.

3. Appeal and error ⬸1129—Court of Civil Appeals cannot affirm judgment non obstante veredicto, though verdict is against uncontradicted testimony.

The Court of Civil Appeals cannot affirm a judgment rendered non obstante veredicto, on the ground that the verdict is against the uncontradicted testimony, and use that testimony as basis of affirmance of a judgment rendered by trial court in face of verdict.

4. Exemptions ⬸54, 57—Proceeds of insurance policy on homestead. are exempt for 6 months, and proceeds of exempt household goods are not subject to garnishment for reasonable time.

Proceeds of policy of insurance on homestead are exempt for 6 months, and proceeds of exempt household goods and kitchen furniture are not subject to garnishment for reasonable time.

5. Fraudulent conveyances ⬸51(1) — Creditors have no interest in exempt property, and debtor may dispose of it as against creditors.

Creditors have no interest in exempt property, and debtor may sell it or give it away and pass title as against his creditors.

6. Husband and wife ⬸262(2)—Creditor had burden of proving that money, deposited in debtor's wife's name, was not her separate property (Rev. St. 1925, art. 4622).

In garnishment proceedings to recover proceeds of insurance on exempt property deposited in debtor's wife's name, creditor had burden of proving that money was not wife's separate property, since Rev. St. 1925, art. 4622, provides that money on deposit in bank in wife's name is presumed to be her separate property.

7. Husband and wife ⬸264—Evidence held not to support jury's finding that money, deposited in bank in wife's name, was not her separate property, despite statutory presumption (Rev. St. 1925, art. 4622).

In garnishment proceedings, evidence *held* not to support verdict of jury that money, deposited in garnishee bank in debtor's wife's name, was not her separate property, notwithstanding presumption, under Rev. St. 1925, art. 4622.

On Motion for Rehearing.

8. Evidence ⬸208(6) — Abandoned pleading could be introduced by opposite party to prove admissions against interest contained therein.

Although defendant had right to withdraw answer, he could not prevent adversary from introducing such parts of abandoned pleading as constituted an admission against him.

9. Husband and wife ⬸270(7)—Pleading that money was deposited in bank with debtor's consent, in name of wife, and that it was proceeds of exempt property raised issue that deposit constituted separate property of wife (Rev. St. 1925, art. 4622).

In garnishment suit, pleading that money was deposited in garnishee bank with debtor's consent, in name of his wife, and that it was proceeds of exempt property, under Rev. St.

---

.1925, art. 4622, prima facie raised issue that deposit constituted separate property of wife.

Appeal from Nolan County Court; A. S. Mauzey, Judge.

Garnishment proceeding by Paul B. Sorenson against J. H. Wallace, defendant, and the City National Bank, garnishee. From a judgment for the garnishee, plaintiff appeals. Reversed and remanded.

Edw. J. Hamner, of Sweetwater, for appellant.

Woodruff & Woodruff, of Sweetwater, for appellee.

PANNILL, C. J. Appellant sued J. H. Wallace in the justice court, and at the same time a writ of garnishment was issued against appellee. After the judgment in the main suit in favor of appellant against Wallace, the garnishment proceeding was tried and appealed to the county court. This is the second appeal. The opinion on the first is recorded under the same style as this ([Tex. Civ. App.] 273 S. W. page 638), but none of the points raised in the first appeal are involved in this. The garnishee answered, denying any indebtedness to Wallace. The answer was controverted by appellant. The garnishee pleaded that on or about August 22, 1922, the defendant J. H. Wallace had in his possession a check or draft drawn by the insurance company, payable to the order of said Wallace and one Wight, for the sum of $1,719.87, which said check was indorsed by the payees named therein, and was presented to the garnishee bank and cashed by it, and that for said draft the said garnishee issued to one Yantis a deposit slip for $750, and for the balance of said draft, a deposit slip was issued to the wife of J. H. Wallace for $969.87, and it was alleged that the money so deposited was the community property of Wallace and his wife. The garnishee also alleged that Mrs. J. H. Wallace did have money on deposit in the garnishee bank in her name, and further alleged that the draft and check referred to in appellant's pleading was in payment of insurance money for the destruction of a dwelling and household furniture therein by fire while the said homestead and household furniture were being used by the said Mrs. J. H. Wallace and family, and that, therefore, the money being the proceeds of exempt property, involuntarily converted into money, and the said homestead not having been destroyed for as much as 6 months before the service of the writ, the same was exempt and the money on deposit in the bank was the separate property of Mrs. Wallace; it being further alleged that the homestead and household furniture had been bought and paid for with the separate moneys of the wife.

Taking the pleadings of both parties as a whole, the issue was raised as to the money being the separate property of Mrs. Wallace, by reason of being deposited with her husband's consent in her name in the bank, and therefore constituted a gift, aside from her claim that the insured property was purchased with her separate means.

The evidence conclusively establishes the fact that the money on deposit in the name of Mrs. Wallace in the bank was the proceeds of the homestead and household and kitchen furniture, and being used as such at the time of its destruction. That the check in payment therefor was indorsed by her husband and deposited by her in the bank in her own name, as stated, and the garnishment sued out within a day or two.

The case was submitted to a jury on special issues, in response to which the jury found that the money on deposit in the garnishee bank was not the separate property of Mrs. Wallace, and that the household goods destroyed were not the separate property of Mrs. Wallace, and that of the money collected from the insurance company $500 represented insurance on household goods.

On the trial appellant offered in evidence a waiver executed by J. H. Wallace of all exemptions accorded to him as a resident of Texas. Upon objection by the garnishee, this waiver was excluded. The garnishee showed that after the money was deposited in the bank by Mrs. Wallace in her name, no check thereon was honored thereafter except those signed by her individually, and that after the filing of the garnishment suit the garnishee bank paid to her the balance remaining of said fund.

[1] The waiver of exemption by J. H. Wallace should have been admitted, because if the funds were community funds and the proceeds of exempt personal community property, the husband would have the right to waive the exemption and allow the money to be appropriated to the payment of community debts.

After the verdict stated in substance above was returned, the court rendered judgment for the garnishee. The judgment is not supported by the verdict because the only issues of fact submitted to the jury were found adversely to the garnishee. The trial court's action in rendering judgment for the garnishee could only be predicated upon the uncontradicted evidence that the money, deposited in the bank in the name of the wife, was the proceeds of insurance upon exempt property, but the judgment cannot be sustained on this ground on account of the improper exclusion of the waiver executed by J. H. Wallace of such exemption.

However desirable it may be to end this unduly protracted litigation, we find ourselves unable to do so and must reverse and remand this cause.

[2, 3] As will be shown somewhat more in detail hereinafter, the verdict of the jury that the money in the bank was not the separate property of Mrs. Wallace is, in our judg-

ment, contrary to the undisputed facts in the case, but the trial court cannot render judgment "non obstante veredicto," even though the verdict of the jury is contrary to the law and evidence. Nor can the Court of Civil Appeals affirm a judgment rendered non obstante veredicto, on the ground that the verdict is against the uncontradicted testimony, and use that testimony as a basis of an affirmance of a judgment rendered by a trial court in the face of a verdict. Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544.

[4] It is well settled that money due for insurance on exempt property is also exempt. The proceeds of a policy of insurance on a homestead are exempt for 6 months, and the proceeds of exempt household goods and kitchen furniture are not subject to garnishment for a reasonable time. Ward v. Goggan, 4 Tex. Civ. App. 274, 23 S. W. 479; Harris v. Todd (Tex. Civ. App.) 158 S. W. 1189; Insurance Co. v. Thomas Goggan (Tex. Civ. App.) 203 S. W. 163.

[5] Under the law, creditors have no interest in exempt property, and the debtor may sell it or give it away and pass title as against his creditors. Conner v. Hawkins, 66 Tex. 639, 2 S. W. 520; Drake v. Davidson, 28 Tex. Civ. App. 184, 66 S. W. 889; Howard Eaves v. Williams, 10 Tex. Civ. App. 423, 31 S. W. 86; McClelland v. Barnard (Tex. Civ. App.) 81 S. W. 591; Patterson v. Keller (Tex. Civ. App.) 26 S. W. 301; Gaar et al. v. Burge, 49 Tex. Civ. App. 599, 110 S. W. 181; 25 C. J. Title, "Exemptions," § 118.

[6] Article 4622, Rev. Statutes, provides that money, on deposit in the bank in the name of the wife, is presumed to be her separate property. This article has been held to apply to creditors and is not restricted to the determination of the ownership of the fund as between husband and wife. Guaranty State Bank v. Shirey (Tex. Civ. App.) 258 S. W. 1109.

Wallace had the right to do as he pleased with the proceeds of exempt property, and, when it was shown that this money which was exempt had been deposited in the bank in the name of the wife, the presumption obtained that it was the wife's separate property, and the burden was upon the appellant to prove that it was not. No evidence was introduced by appellant tending to rebut that presumption. After its deposit, no further dominion over or claim to the fund seems to have ever been exercised or made by Wallace. It appears that Wallace accompanied his wife to the bank, and either directed the bank to deposit the money in the bank in her name or assented thereto.

[7] The facts as stated, judged by the rules of law referred to above, constitute the deposit in the bank Mrs. Wallace's separate property, and the verdict of the jury to the contrary is without evidence to support it.

If, upon another trial, the facts as herein stated are not put in issue, it will be the duty of the trial court to instruct a verdict for the garnishee on the issue that the deposit in the bank was, in effect, a gift from Wallace to his wife of exempt property and became, therefore, the separate property of the wife. If these matters are controverted upon another trial, then the issue should be submitted to the jury, along with the issue raised by Mrs. Wallace's testimony that the homestead and the furniture therein were purchased with her separate funds.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.

## On Motion for Rehearing.

[8] Both parties have filed motions for rehearing, the appellee on the ground that, Wallace having the right to withdraw his answer and the waiver of exemption being incorporated therein, there was no error in the action of the court in excluding said answer, as it was an abandoned pleading. It is true that Wallace had the right to withdraw his answer, but he could not prevent his adversary from introducing such parts of said abandoned pleading as constituted an admission against the pleader. The rule is well settled that an abandoned pleading may be introduced by the opposite party for the purpose of proving admissions against interest contained therein.

[9] The appellant, in an able and vigorous motion, challenges the holding of the court that the evidence was not sufficient to sustain the jury's verdict, declaring the money to be the community property of Wallace and his wife, and states that the holding amounts to a declaration that money deposited in the bank in the name of the wife becomes, as a matter of law, community property, and that there was nothing in appellant's pleading suggesting the issue of a gift by Wallace to his wife. Appellant has either misconstrued our opinion, or we have not made the matter clear, and probably the latter. There was no averment in the pleadings to the effect that the transactions between Wallace and his wife constituted a gift, but the pleadings of both parties clearly showed the proceeds of the insurance policy were exempt from Wallace's debts, and the check therefor was indorsed by him and delivered to his wife and deposited in the bank in her name, with the husband's consent, with directions to honor only her checks against it, and that thereafter she exercised exclusive dominion over the money, and at the time the transaction occurred she was claiming that the property destroyed was her separate property. The pleading that the money was deposited in the bank, with his consent, in the name of the wife, and that it was the proceeds of exempt property, under the statute noted prima facie, raised the issue that the deposit constituted the money the separate property of the wife. Appellant introduced no evidence contradicting a pre-

sumption arising from the facts noted, but the evidence introduced by appellant was consistent only with the proposition that the transaction constituted a gift to the wife, and this is all that is declared in the original opinion. The prima facie case thus made could have been rebutted in a good many ways if the evidence had been available. It might have been shown that Wallace and his wife were in the habit of carrying said community funds in the bank in her name. Or it might have been shown that Wallace believed that the money would be subject to garnishment for his debts and was induced by such belief to deposit the money in the name of the wife. But the only reason suggested by this record for the course pursued was that she was claiming the proceeds of the check as her separate property. There is no suggestion in the original opinion that this court foreclosed the issue, if raised by evidence upon a second trial, as to whether the deposit in the bank was the separate property of Mrs. Wallace or the community property of Wallace and his wife.

Both motions are overruled.