STRATTON v. WESTCHESTER FIRE INS. CO. OF NEW YORK et al.

(No. 6997.)

(Court of Civil Appeals of Texas. Galveston. Nov. 9, 1915. Rehearing Denied Dec. 9, 1915.)

1. VENDOR AND PURCHASER ☞54—PASSING OF TITLE—RETENTION OF LIEN.

Where land is conveyed by deed retaining an express lien to secure part of the purchase money, legal title to the land remains in the vendor until the purchase money is paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 85; Dec. Dig. ☞54.]

2. HOMESTEAD ☞96—PURCHASER'S RIGHT.

Such a vendee cannot hold the land as a homestead against such vendor holding vendor's lien notes for part of the purchase money.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153; Dec. Dig. ☞96.]

3. EXEMPTIONS ☞34—PROCEEDS OF INSURANCE.

Money paid upon an insurance policy upon a house not the insured's homestead is not exempt from garnishment for the payment of the insured's debts.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 36, 37, 74; Dec. Dig. ☞34.]

4. HOMESTEAD ☞88—EQUITABLE ESTATES OR TITLES.

An equitable title founded upon a conveyance in which an express lien is retained to secure unpaid purchase money may be the subject of a homestead, and exempt from the payment of ordinary debts.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 126; Dec. Dig. ☞88.]

5. HOMESTEAD ☞79 — EXTENT OF EXEMPTION—INSURANCE MONEY.

Where land was conveyed with express reservation of a vendor's lien to secure the unpaid portion of the price, there being no agreement that the purchaser, who occupied the place as a homestead when he insured it, should do so for the benefit of the vendor, upon burning of the house the purchaser was entitled to the insurance money, and not the vendor, to satisfy the unpaid balance on his foreclosure judgment, since insurance money on a homestead, in the absence of an agreement that the policy was for the benefit of the vendor holding the superior title and note for unpaid purchase money, is not subject to the payment of the indebtedness.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 111; Dec. Dig. ☞79.]

6. VENDOR AND PURCHASER ☞295—VENDOR'S LIEN—ELECTION TO FORECLOSE—EFFECT.

Where the vendor of realty by deed reserving a vendor's lien foreclosed, he could not thereafter claim that he continued to hold the superior title for the purpose of making out his right to the insurance money payable for burning of the house, since a vendor has only the election to abandon the contract and recover the land, or to affirm and have judgment for his debt with foreclosure of his lien.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 831; Dec. Dig. ☞295.]

7. APPEAL AND ERROR ☞877—PARTY ENTITLED TO ALLEGE ERROR.

The vendor of realty, who had no interest in the insurance money payable the purchaser for burning of the house, could not complain of the amount of recovery allowed the purchaser against the insurance company in the vendor's garnishment proceeding against it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. ☞877.]

8. GARNISHMENT ☞191 — COSTS — RECOVERY BY GARNISHEE.

In a vendor's garnishment proceeding against the insurer of the realty, where the answer of the garnishee was not denied, and it was discharged from the garnishment upon its answer, although judgment went against it for the purchaser, such garnishee was entitled to recover of the vendor its costs, including a reasonable attorney's fee, under Rev. St. 1911, art. 307, providing that, where the garnishee is discharged upon his answer, costs, including reasonable compensation to the garnishee, shall be taxed against plaintiff.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 372–379; Dec. Dig. ☞191.]

Appeal from District Court, Lavaca County; M. Kennon, Judge.

Action by John Stratton against John Magee, in which the Westchester Fire Insurance Company of New York was made garnishee, and the latter impleaded John Magee. From a judgment for Magee, and for the garnishee for its costs, plaintiff appeals. Affirmed.

Patton & Schwartz, of Hallettsville, for appellant. John S. Patterson, of Austin, for appellee Westchester Fire Ins. Co.

LANE, J. On the 6th day of February, 1914, suit was brought by John Stratton against John Magee upon 23 vendor's lien notes, each for the sum of $32, and foreclosure of vendor's lien upon the tract of land upon which was the house destroyed by fire, and insured for the benefit of Magee by a policy issued by the Westchester Fire Insurance Company of New York, "as his interest may appear." The fire occurred on the 6th

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of March, 1914. A judgment of foreclosure of Stratton's vendor's lien was entered on the 17th of March, 1914. On the 7th day of July, 1914, the property was sold under Stratton's foreclosure proceedings, and was bought at the sale by the said Stratton for the sum of $200, which was credited on the judgment against Magee, leaving a balance due thereon of $1,121.09. The property was conveyed by Stratton to Magee by deed dated October 1, 1912; vendor's lien being expressly reserved in the deed of conveyance to secure the deferred payments. Writ of garnishment was issued out of the trial court against the insurance company by Stratton on the 23d day of March, 1914, and served on the same day of issuance. At the time of the purchase of the premises in question Magee paid Stratton $100, and prior to the destruction of the house by fire made further payments amounting to $209.65; the total amount paid before the fire being $309.65.

The garnishee, insurance company, answered, truthfully stating its obligation and indebtedness to Magee, and had him made a party defendant so as to protect it against double payment of its obligation under its policy of insurance.

The defendant in the foreclosure proceeding, Magee, having been made a party to the garnishment suit, answered, setting up the contract of insurance, the adjustment of the loss, and prayed judgment against the insurance company therefor, and pleaded the exemption of the debt from garnishment because the property insured was his household furniture and his homestead. In the adjustment of the loss between Magee and the insurance company it was agreed that the loss was $187 for the destruction of his household furniture, and $331.45 for the destruction of the house. At the time of the destruction of the house and furniture by fire Magee occupied the house with his family as a home and it was his homestead, and he had a homestead interest in the house and that was insured "as his interest may appear."

The case was tried before the court without a jury on the 22d day of October, 1914, and judgment was rendered that Stratton take nothing by his suit, and that the defendant, John Magee, recover of the Westchester Fire Insurance Company the sum of $496.65, viz., the sum of $187, value of his household furniture destroyed by fire, and the sum of $309.65, the sum that he had paid upon the premises upon which the house destroyed by fire was situated, and that the garnishee, insurance company, recover of plaintiff, Stratton, the sum of $100 attorney's fees and all costs of court. From such judgment, John Stratton has appealed.

Appellant's first assignment submits:

"That the trial court erred in holding that the money due on a fire insurance policy for the burning of a house on premises occupied by the beneficiary as a homestead is not liable for his indebtedness for the purchase money of said premises secured by an express lien retained by the vendor in the deed of conveyance under which he holds."

Appellant submits under this assignment only four propositions:

[1] First. That, where one conveys land by deed to another and retains in such deed an express lien to secure a part of the purchase money, the legal title to the land conveyed does not pass to the vendee, but remains in the vendor until the purchase money is paid.

[2] Second. That such vendee cannot hold the land conveyed as a homestead as against his vendor who holds vendor's lien notes for a part of the purchase money.

[3] Third. That money paid upon an insurance policy upon a house not the homestead is not exempt from garnishment for the payment of the insured's debts.

[4] Fourth. That an equitable title founded upon a conveyance in which an express lien is retained to secure unpaid purchase money may be the subject of a homestead, and exempt from the payment of ordinary debts.

We think none of the propositions submitted can be successfully controverted, but none of them are germane to the assignment under which they are made, and therefore do not call for any consideration from this court, but, as the assignment is a proposition within itself, and may be submitted as such, we will consider the same.

The agreed facts show that appellant, Stratton, conveyed to Magee the land on which was situated the house which was insured and which was destroyed by fire; that in the deed of conveyance Stratton retained an express vendor's lien upon the land to secure a part of the purchase money; that Magee with his family was occupying said house as his homestead at the time it was insured, and at the time it was destroyed by fire; that he procured a policy of fire insurance upon said house, which, among other things, provided for the payment of loss to him "in so far as his interest may appear"; that before the house was destroyed he had paid of the purchase money on the premises purchased by him from Stratton the sum of $309.65; that the contract of insurance was between Magee and the insurance company, and was intended to be for the benefit of Magee, and not in the interest or benefit of Stratton; that there was no agreement by Magee to insure the property for Stratton; that the house was destroyed by fire on the 6th day of March, 1914, and that thereafter the loss had been adjusted between the insurance company and Magee as being $331.45; that Stratton sued Magee upon certain vendor's lien notes given for part of the purchase price of the land conveyed by Stratton to Magee, and took judgment thereon for the sum of $1,321, and a foreclosure of his vendor's lien on the 17th day of March, 1914; that on the 23d day of March, 1914, Stratton

caused a writ of garnishment to issue upon his said judgment against the insurance company, and thereby sought to subject the insurance money due to Magee to his said judgment.

The trial court held that Stratton had no lien nor any other right in or to the insurance money; that it was not subject to the writ of garnishment issued upon Stratton's judgment, because it was money due upon a policy of insurance upon the homestead of Magee.

[5] Appellant insists that he held the superior title to the premises sold to Magee upon which the house destroyed was situated, and held a vendor's lien thereon, and that the house, if in existence, could have been subjected to sale to pay his judgment for the purchase money, and therefore the insurance money for its destruction is likewise subject to the payment of such judgment. We do not think the court erred in the holding complained of. Insurance money upon a homestead, in the absence of an agreement that the policy was for the benefit of the vendor holding the superior title and note for unpaid purchase money, is not subject to the payment of such indebtedness unless agreed to by the debtor. Ward v. Goggan, 4 Tex. Civ. App. 274, 23 S. W. 479; Cameron v. Fay, 55 Tex. 58; Chase v. Swayne, 88 Tex. 218, 30 S. W. 1051, 53 Am. St. Rep. 742; Pennsylvania Fire Ins. Co. v. Wagley, 36 S. W. at page 998.

[6] We also conclude that Stratton cannot, since he took judgment on his debt against Magee and foreclosed his lien, successfully claim that he continued to hold the superior title to the property sold to Magee. "When the right of rescission exists, the vendor has his choice of remedies. He may abandon the contract and recover the land, or he may affirm the contract and have judgment for his debt, with a foreclosure of the vendor's lien." Curan v. Land & Mortgage Co., 24 Tex. Civ. App. 499, 60 S. W. 466; Douglass v. Blount, 67 S. W. at page 489, 58 L. R. A. 699; Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314. But he must choose one or the other of such remedies; he cannot exercise both. Stratton sued and recovered judgment upon his contract of sale and foreclosed his vendor's lien on March 17, 1914, and thereby divested himself of the superior title to the property. Having so parted with his superior title, he cannot be heard to say that he should be entitled to the insurance money in question because he was, in fact, the owner of the house at the time it was destroyed by fire. See authorities above cited. We do not think that appellant Stratton had any interest, either legal or equitable, in the insurance money which he seeks to recover by his garnishment.

[7] Appellant's second assignment insists that the court erred in not rendering judgment against the Westchester Fire Insurance Company for $831.45 in favor of Magee; that being the agreed loss for the destruction of Magee's house.

We have already held in our conclusions under the first assignment that appellant has no interest in the insurance money in question, and therefore the amount of the recovery in this case is not a matter about which he is concerned. Magee, the only party who has the right to complain of the inadequacy of the judgment, is not complaining. We therefore overrule the second assignment.

[8] Appellant's third assignment insists that the court erred in rendering judgment against him in favor of the insurance company for $100 attorney's fees, because he says the garnishee was not discharged on its answer, but was held thereon in a judgment in favor of Magee, the beneficiary under the policy of insurance. The contention here made is not tenable. The answer of the garnishee was not controverted, and the garnishee was discharged from the garnishment upon its answer, and, under article 307, Revised Statutes 1911, is entitled to recover his costs, including a reasonable attorney's fee, and, as no complaint is made that the fee allowed in this case is unreasonable, we are not called upon to question its being a reasonable fee in this case. The rendition of the judgment in favor of Magee against the garnishee upon his policy of insurance in no way affected his discharge on his answer to appellant's garnishment.

This disposes of all of appellant's assignments, and, as we find no such error committed by the trial court as should cause reversal, the judgment of the trial court is affirmed.

Affirmed.