MOSLEY v. STRATTON. (No. 5850.)

(Court of Civil Appeals of Texas. Austin. March 6, 1918. Rehearing Denied April 24, 1918.)

1. EXEMPTIONS ⬡84 — MORTGAGE — POLICY FOR BENEFIT OF MORTGAGEE.

Under an agreement between a mortgagee and a mortgagor that the latter will insure the property for the benefit of the mortgagee, the latter has an equitable lien on the proceeds of the policy, even though the property itself was exempt from forced sale.

2. HUSBAND AND WIFE ⬡23 — AGENCY OF WIFE FOR HUSBAND.

Where a principal authorized his wife as his agent to purchase household furniture on credit, and in doing so it was necessary that she contract with mortgagee to insure the property, the making of such agreement was within the scope of her authority.

3. PRINCIPAL AND AGENT ⬡166(3)—RATIFICATION OF AGENT'S ACTS.

If a principal knew that his agent had purchased furniture agreeing with the mortgagee to insure the same for mortgagee's benefit, or by the exercise of ordinary diligence he could have known it, he will be held to have ratified the agreement.

4. HUSBAND AND WIFE ⬡23 — AGENCY OF WIFE FOR HUSBAND—CONTRACT IN AGENT'S NAME.

Where a principal impliedly authorized his wife as his agent to purchase furniture upon the terms contained in the contract signed by her, it is immaterial that she sign the same in her own name and the husband is bound thereby.

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Suit by G. Stratton against M. M. Mosley and wife. Judgment for plaintiff, and defendant M. M. Mosley appeals. Affirmed.

G. W. Barcus and Alva Bryan, both of Waco, for appellant. S. E. Stratton, of Waco, for appellee.

JENKINS, J. M. M. Mosley and his wife, Mrs. M. M. Mosley, lived in Waco, Tex. Mosley was a traveling salesman. They rented a house, and his wife had been subletting some of the rooms. She suggested to her husband that they rent a larger house, so she could take more roomers. Mosley agreed to this, and instructed her to buy such furniture as was necessary to furnish a larger house. She purchased furniture ($753 worth) from appellee on credit, and entered into a written contract with appellee in her own name, agreeing to pay for the furniture on monthly installments of $30 each, and also agreeing to have the furniture insured for the benefit of appellee, as his interest might appear.

The case was submitted to a jury on special issues, in reply to which they found: First, that Mrs. Mosley signed a mortgage on the property purchased (which mortgage contained the agreement to insure); second, that M. M. Mosley expressly authorized Mrs. Mosley to purchase the furniture; and, third, that he ratified the purchase of the same.

The larger house was rented as contem-

plated, and the furniture was placed therein with the knowledge and consent of M. M. Mosley, and was used by him and his wife until the same was destroyed by fire. Mosley furnished money from time to time to assist in paying the monthly installments on the furniture. Mrs. Mosley did not insure the property, but some time thereafter Mosley insured the same in the German American Insurance Company, in his own name, together with their other household furniture, amounting in all, including the furniture purchased from appellee, to about $2,500.

The jury further found that Mosley did not authorize his wife to sign the written contract with appellee. Appellee brought this suit against Mosley and wife, and the German American Insurance Company. There was judgment for appellee against M. M. Mosley for the balance due appellee, to wit, $426, and against the insurance company for the same amount. No judgment was rendered against Mrs. Mosley. The insurance company admitted its liability on the policy.

Appellant Mosley insists that the court erred in refusing to peremptorily instruct the jury to return a verdict in his behalf, and in refusing to enter judgment for him upon the verdict of the jury. He bases his contention in this respect upon the proposition that the proceeds of the insurance policy was exempt from forced sale or garnishment, for the reason that the property destroyed was household furniture, and also upon the proposition that his wife had no authority to agree to insure the property purchased from appellee.

[1] It is true that the proceeds of an insurance policy upon exempt property are not liable for debts of the insured, and this even though a party had a lien upon such property. Ward v. Goggan, 4 Tex. Civ. App. 274, 23 S. W. 479; Mueller v. Richardson, 82 Tex. 361, 18 S. W. 693; Cameron v. Fay, 55 Tex. 59; Connally v. Hopkins, 195 S. W. 659; Chipman v. Carroll, 53 Kan. 163, 35 Pac. 1109, 25 L. R. A. 308. It is also true, however, that an agreement between a mortgagee and a mortgagor that the latter will insure property for the benefit of the mortgagee gives the mortgagee an equitable lien on the proceeds of the policy, even though the property itself was exempt from forced sale. Connally v. Hopkins, supra; 4 Cooley's Insurance Brief, § 3706; Chipman v. Carroll, supra, and authorities cited in note thereto.

[2-4] The jury found as above stated on the uncontradicted evidence that Mosley authorized his wife to purchase the furniture, and that he knew that she had purchased the same to be paid for in small monthly installments. He did not know that she had signed a contract to insure the same, but if she was authorized so to do his want of such knowledge is immaterial. Mosley did not ex-

pressly authorize his wife to agree to insure this property, but an agent is authorized to do whatever is reasonably necessary to accomplish the purpose of his agency, and we think that the court was justified in rendering judgment for appellee upon the ground that it was reasonably necessary for Mrs. Mosley to agree to insure this property in order to be able to purchase the same. It appears from the testimony that appellee would not have sold her the property without such agreement. If Mosley knew that she had made such an agreement, he ratified the same by receiving and retaining the furniture. If he did not know of this agreement, it seems to us that by the exercise of ordinary diligence he could have ascertained such fact. It does not appear that he ever asked his wife as to this feature of the contract, and although a copy of the contract which was signed by his wife was found in his desk after the fire, he testified that he had never read it. If Mrs. Mosley was impliedly authorized to purchase the furniture upon the terms contained in the contract signed by her, it is immaterial that she signed the same in her own name, and, notwithstanding such fact, it would be the contract of her husband. Parrott v. Peacock, 180 S. W. 132.

Finding no error of record, judgment of the trial court is affirmed.

Affirmed.