BRADDOCK v. GAMBILL et al. (No. 251.)

(Court of Civil Appeals of Texas. Eastland. Jan. 21, 1927. Rehearing Denied Feb. 18, 1927.)

1. Garnishment ⬤⇒105—Plaintiff in garnishment suit is subrogated to defendant's rights against garnishee.

Plaintiff in garnishment suit is subrogated to rights of defendant against garnishee, and his claim to impounded property as against adverse claimant rests on defendant's title to property.

2. Garnishment ⬤⇒217—Issue whether intervener is indebted to plaintiff in garnishment and not to defendant cannot be tried in garnishment suit.

In garnishment suit against city letting contract to defendant in which assignee of contract intervened, plaintiff cannot try issue of whether intervener is indebted not to defendant but to plaintiff.

3. Estoppel ⬤⇒88(1)—Intervener in garnishment suit held not estopped to claim impounded fund by admitting assumption of debt to plaintiff after judgment and rights in garnished fund had become fixed.

Admissions by assignee of contract between city and defendant that assignee had agreed to pay debt to plaintiff, made after plaintiff had obtained judgment against defendant and rights in fund garnished had become fixed,

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

did not constitute an estoppel in pais against assignee intervening in garnishment suit from claiming impounded fund.

**4. Estoppel ⬅88(1)—Intervener in garnishment suit, admitting assumption of defendant's debt to plaintiff, is not estopped to deny dedication of garnished fund to payment of debt.**

Admission by intervener in garnishment suit that he had assumed defendant's debt and owed debt to plaintiff would not estop intervener from denying that he dedicated garnished fund to payment of such debt.

**5. Estoppel ⬅88(1)—One is not estopped from denying fact not inconsistent with fact admitted.**

Admission of one fact does not estop one from denying another fact not inconsistent with that admission.

**6. Partnership ⬅208(2)—Partnership funds are subject to garnishment to satisfy judgment against partnership, but not for debt of individual partners.**

Partnership funds are not subject to garnishment for debt of individual members of partnership, but are subject to garnishment to satisfy judgment against partnership.

**7. Partnership ⬅164—Dormant partner, permitting judgment against partnership without disclosing identity, is estopped to prevent garnishment of partnership funds in satisfaction of judgment.**

Dormant partner, who conceals his identity and suffers judgment to be entered against partnership, is estopped to claim that funds of partnership are not subject to garnishment in satisfaction of judgment.

**8. Partnership ⬅208(2)—In suit against partnership dismissed as to one partner and judgment taken against remaining partner individually, partnership funds cannot be garnisheed.**

Where suit was filed against partners doing business under partnership name, but was dismissed as to one partner and judgment taken against remaining partner individually, without reference to any partnership, no judgment was obtained against partnership, and partnership funds could not be garnisheed to satisfy judgment.

**9. Partnership ⬅219(4)—Judgment binding on partnership property cannot be obtained when suit is brought only against some members of partnership.**

Where suit is brought against members of partnership and dismissed as to one or more of them, plaintiff cannot procure judgment binding on partnership property, but can only procure judgment against individual partners retained in suit.

**10. Partnership ⬅164—Dormant partner may defeat application of partnership fund to judgment against individual partner though plaintiff did not know his relation to partnership.**

That plaintiff recovering judgment against individual member of partnership did not know of dormant partner's relation to partnership does not prevent dormant partner from defeating application of partnership funds to payment of judgment.

**11. Partnership ⬅164—Judgment against individual member of partnership does not affect dormant partner's interest in partnership property.**

Dormant partner's interest in partnership property is not affected by judgment against one of individual members of partnership, where there is no judgment binding against partnership property.

**12. Partnership ⬅208(1)—Damages for wrongful garnishment cannot be recovered by dormant partner against plaintiff garnishing individual funds of partner, but damages, if any, may be obtained against garnishee.**

Where plaintiff's writ of garnishment sought only to impound individual fund of defendant member of partnership, dormant partner, interested in fund impounded, cannot recover attorney's fees and damages against plaintiff for wrongful garnishment, but damages may be recovered against garnishee if it retained partnership funds other than individual funds of defendant.

· On Motion for Rehearing.

**13. Appeal and error ⬅1177(7)—Intervener claiming fund garnished cannot have judgment on reversal without competent evidence on which to base it.**

In garnishment suit, on reversing judgment for plaintiff, judgment cannot be rendered in favor of intervener claiming fund impounded, where there was no competent evidence on which judgment could be based, and intervener was not entitled to judgment by default against garnishee.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Garnishment suit by R. H. Gambill against the City of Corsicana, in which J. G. Braddock intervened. Judgment for plaintiff, and intervener appeals. Reversed and remanded, with directions.

Kirby, King & Overshiner, of Abilene, for appellant.

Scarborough & Wilson, Cunningham & Oliver, and T. M. Willis, all of Abilene, for appellees.

HICKMAN, J. This appeal is from a judgment in a garnishment suit in which the appellee R. H. Gambill was plaintiff, the city of Corsicana, in Navarro county, Tex., a municipal corporation, garnishee, and the appellant, J. G. Braddock, intervener. The proceedings necessary to an understanding of the questions raised by the appeal were as follows:

R. M. Mitchell and D. S. Kirk were partners, doing business under the name of Mitchell Contracting Company. The particular enterprise in which this partnership was en-

---

⬅For other cases see same topic and KEY–NUMBER in all Key–Numbered Digests and Indexes

gaged was the construction of the Lake Halbert spillway in or near the city of Corsicana, the construction being carried on by virtue of a contract with the city of Corsicana.

Prior to the execution of the contract by the partnership and the city, Mitchell was indebted to Gambill upon a note which was then due. In consideration of an extension of time for the payment of such indebtedness, Mitchell and Kirk executed to Gambill certain notes. Suit was instituted upon these notes when they fell due, but Mitchell could not be located for the purpose of serving citation upon him, and he was dismissed from this suit and judgment rendered against D. S. Kirk individually.

Simultaneously with the filing of this suit, Gambill caused a writ of garnishment to be issued against the city of Corsicana, calling upon the garnishee to answer what, if anything, it was indebted to D. S. Kirk. The writ of garnishment did not call upon the garnishee to answer as to its indebtedness to Mitchell or to Mitchell Contracting Company, a partnership.

By leave of the court, the appellant, J. G. Braddock, filed his plea of intervention in the garnishment case, claiming that he was the owner of the impounded fund by virtue of being the assignee of both Mitchell and Kirk. By an amended plea of intervention the appellant pleaded that he was a partner with Kirk and owned the interest in the Mitchell Contracting Company and in its contract with the city of Corsicana which Mitchell had formerly owned, and that the fund impounded by the writ of garnishment was not subject to garnishment, because at the time it was impounded it was the partnership property of appellant and Kirk and therefore not subject to the individual indebtedness of D. S. Kirk or to the joint and several indebtedness of Kirk and Mitchell. There were other pleas not necessary to be stated here for an understanding of the issues decided in this opinion.

The plaintiff in the garnishment suit, who is the appellee, replied to the amended petition in intervention by various denials and by a plea in estoppel, which will be considered later in this opinion. Plaintiff also filed a cross-action in the garnishment suit against the appellant for debt based upon the same facts as pleaded in estoppel, but this cross-action was by the plaintiff dismissed and will not be further noticed.

Upon a trial of the cause before the court without the aid of a jury, intervener's motion to quash and all of his general and special demurrers were overruled and judgment was rendered that the intervener take nothing by his plea of intervention and that plaintiff recover of garnishee the amount of his judgment against the defendant Kirk, with interest and costs.

From this judgment the intervener appealed.

Various assignments of error are made by the appellant, a discussion of each of which is rendered unnecessary by the view which we adopt of the main issue presented by the appeal.

The appellee seeks to sustain the judgment of the trial court upon two grounds: First: That the appellant is estopped to assert any ownership in the impounded fund, by reason of his acknowledgment that he had assumed the payment of Kirk's indebtedness to appellee. Second: That the appellant was a dormant partner with Kirk and that a judgment against Kirk would be binding upon the joint property of Kirk and his dormant partner, appellant.

In support of his plea of estoppel the appellee pleaded and offered evidence in support of the fact that after appellee had obtained judgment against Kirk upon the notes executed by Kirk and Mitchell to him, and after the rights of the respective parties had become fixed with reference to the garnished fund, the appellant admitted to appellee and to appellee's attorney that as a part of the consideration for the purchase by him of his interest in the contract which the Mitchell Contracting Company had with the city of Corsicana, he assumed to pay the notes of Mitchell and Kirk to appellee.

By appropriate assignments appellant complains of the action of the trial court in admitting the testimony offered by appellee in support of his plea of estoppel on the ground that the admission testified to by appellant and his attorney varied the terms of a written contract, and that such admission was made during the course of negotiations to effect a compromise between appellant and appellee. Our views of appellee's plea of estoppel render it unnecessary for us to pass upon these assignments.

The substance of the plea of estoppel is that the intervener owes the plaintiff and is therefore estopped to claim a better right than plaintiff to the garnished fund. In disposing of this plea it is proper to consider the general nature of the garnishment proceeding.

The ultimate issue to be determined between plaintiff and intervener is the ownership of the impounded property or fund in the hands of the garnishee.

[1] The plaintiff is subrogated to the rights of the defendant against the garnishee, and his claim to the impounded property or fund as against the adverse claimant rests upon the title of the defendant to the property. Mensing v. Engelke, 67 Tex. 532, 4 S. W. 202; Medley v. American Radiator Co., 27 Tex. Civ. App. 384, 66 S. W. 86; Fannin County National Bank v. Gross (Tex. Civ. App.) 200 S. W. 187; Hubbell et al. v. Farmers' Union Cotton Co. (Tex. Civ. App.) 196 S. W. 681. There are many decisions to the same effect, but the above decisions indicate the general rule.

In 12 R. C. L. p. 777, the nature of garnishment proceedings is clearly expressed in this language:

"Though in the nature of a proceeding in rem, garnishment is in effect an action by the defendant in the plaintiff's name against the garnishee, the purpose and result of which are to subrogate the plaintiff to the right of the defendant against the garnishee."

[2] By his plea of estoppel the appellee seeks to have determined in this case an issue entirely foreign to any issue raised by the garnishment proceeding. He would have the court determine that the intervener is indebted, not to the defendant, but to the plaintiff. This, in our opinion, he cannot do. If appellant was in fact indebted to appellee, the appellee was not without his remedy. He could have filed suit against appellant, and, by writ of garnishment, impounded the fund in dispute; but he cannot accomplish the same purpose of a writ of garnishment by his plea in estoppel.

[3] Furthermore, the facts pleaded and the evidence offered by appellee in support of his plea of estoppel are not sufficient to constitute an estoppel in pais. At the time the alleged admission was made, judgment had already been rendered in favor of appellee against Kirk, the writ of garnishment served upon the garnishee, and the time when garnishee was directed to answer had passed. No damage resulted to appellee on account of such admission, no change of status took place; and nothing was done on account of such admissions that would not have been done but for such admissions.

[4, 5] The admission by appellant that he had assumed a debt due appellee might estop him to deny the fact that he assumed the debt to appellee, if that were the question in issue, because one may be estopped by contract; but the admission that he owed the debt to appellee would not estop him to deny that he dedicated the garnished fund to the payment of that debt. The admission of one fact does not estop one from denying another fact not inconsistent with that admission.

We do not think that the judgment of the trial court can be sustained on appellee's plea of estoppel.

The second ground relied upon by appellee to sustain the judgment of the trial court is contained in his seventh counterproposition, as follows:

"The evidence being sufficient to show that the garnished debt was owing to Kirk, the defendant in the judgment, and that the interest of appellant, Braddock, was only the interest of a dormant partner or of a man who was a joint owner and who permitted the business to be carried on by Kirk in his own name, and the city to become indebted thereby to Kirk individually, the appellant is bound by the judgment in the garnishment case."

The appellant, in his brief, strongly urges that the evidence is wholly insufficient to establish the fact that the appellant was a dormant partner with Kirk.

We shall not lengthen this opinion by a discussion of the evidence, because, in our view of the case, the question is disposed of from other considerations. The case was not tried upon this theory, and the evidence with reference thereto is very meager, but we do not feel called upon to decide whether or not it was sufficient, taken in the light most favorable to appellee, to sustain the judgment of the trial court.

[6, 7] Appellee invokes the general rule against a dormant partner, which forbids him to claim that the assets of the partnership cannot be subjected to the payment of a judgment against the partnership. The doctrine rests upon an estoppel against the dormant partner. If the appellant had concealed his interest in this partnership, and, by so doing, had suffered a judgment to be rendered against the partnership without disclosing to the plaintiff his interest therein, equity would not permit him to prevent the subjection of the partnership property to the payment of the judgment against it. It is the generally accepted rule that the funds of a partnership are not subject to garnishment for the debts of one of the individual members of the partnership, but such funds would be subject to garnishment to satisfy a judgment against the partnership, and if, by concealing his identity, a dormant partner suffers a judgment to be entered which is binding against the partnership, he cannot claim that the funds of the partnership are not subject to garnishment in satisfaction of this judgment.

[8] The rule regarding a dormant partner has no application in this case, for the reason that appellee has no judgment against the partnership. The original suit was filed against Mitchell and Kirk, the original partners doing business under the name of Mitchell Contracting Company. The suit was dismissed as to Mitchell and a judgment taken against Kirk individually, without reference to any partnership. The writ of garnishment was issued for the purpose of impounding any funds that might be due Kirk, no effort being made to impound any partnership funds.

[9] It is well settled by the decisions in our state that where one sues the members of a partnership and dismisses as to one or more of them, he cannot procure a judgment binding upon partnership property, but can only procure judgment against the individual partners retained in the suit. Frank v. Tatum, 87 Tex. 204, 25 S. W. 409. This decision has been followed in many cases and is the established rule in our state. The very basis of the rule invoked by appellee against a dormant partner is a judgment against the partnership. Having no such judgment, there is no foundation upon which to rest the rule in this case.

[10] Another question to be taken into consideration in passing upon the issue as to whether or not appellant is estopped as a dormant partner is: Would his interest in

this partnership have been subject to this garnishment had he been an ostensible partner? Suppose Mitchell had retained his interest in this partnership, and appellant was not in this case. It is apparent that he could have prevented the application of this fund to the payment of plaintiff's judgment against Kirk, and, had appellant's interest in the partnership been disclosed, he would have had the same right in that regard as Mitchell. The fact that appellee did not know of appellant's relation to the partnership does not operate to defeat appellant's plea in that regard, where appellee is standing upon an individual judgment against Kirk.

[11] A dormant partner's interest in partnership property is not affected by a judgment against one of the individual members of a partnership where there is no judgment binding against partnership property.

[12] Appellant's claim for attorney's fees and damages is denied. The appellee's writ of garnishment sought only to impound the individual fund of D. S. Kirk, and, if the city of Corsicana withheld from appellant any other funds than the impounded funds of Kirk on account of such writ of garnishment, appellant's claim for damages, if any he has, is against the city of Corsicana and not against appellee.

The writer became a member of this court after this case had been submitted by oral argument and did not therefore have the benefit thereof, but he acknowledges the valuable assistance of able briefs filed by the attorneys for both parties.

The views herein expressed would lead us to reverse and render this cause in favor of appellant but for one consideration. As the record comes before us, there has been served upon the city of Corsicana a writ of garnishment, commanding it to answer what, if anything, it is indebted to D. S. Kirk. No answer has been filed for the city. Ordinarily this would entitle the appellee to a judgment by default against the garnishee, and the intervener would be dismissed from this cause on the ground that he had no connection therewith. The city of Corsicana has not appealed. The record does not disclose any contract or stipulation between the appellee and the city of Corsicana whereby it was agreed that the city need not answer herein, but that its liability would be determined by the issues made by appellant's plea of intervention, but the case was tried upon that theory, the evidence disclosing that the officers of the city informed the appellee that it did not desire to go to the expense of an answer unless it was necessary. Proof was made of the amount owing by the city of Corsicana upon the contract to Mitchell Contracting Company, and the issue was tried between appellant and appellee as to which one of them had the better claim to this particular fund. While the views expressed in this opinion would entitle appellant to recover this fund from the city of Corsicana, quite irrespective of whether or not appellee's judgment by default against it should stand; nevertheless, it being the apparent agreement of all parties that double recovery should not be had against the city of Corsicana on account of its failure to answer herein, we feel it our duty to remand the cause for further proceedings.

Nowhere in this brief does the appellee seek to uphold his judgment against garnishee on the ground that garnishee had made default, and the court will treat the case as the parties thereto have treated it. If there was in fact an agreement between the garnishee and the appellee with reference to filing an answer herein, such agreement should be embodied in the record upon the next trial of this cause.

Being of the opinion that the judgment of the trial court cannot be supported upon any grounds urged by appellee, it is ordered that such judgment be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

### On Motion for Rehearing.

Both the appellant and appellee have filed motions for rehearing in this cause, the appellant alleging error upon the ground that the judgment of the trial court should have been reversed and rendered by this court rather than reversed and remanded for further proceedings. The motion of the appellee vigorously calls into question the correctness of the decision of this court and prays for an affirmance of the judgment of the trial court.

We have carefully considered both motions and are of the opinion that each should be overruled. Inasmuch, however, as the appellant asserts that the case was tried upon the theory that the contest was only between the appellant and appellees and that judgment was not sought against the garnishee by reason of its having defaulted, and this assertion not being contested or denied by the appellees in their motion for rehearing, we have concluded that the order of this court remanding this cause for further proceedings be modified to this extent:

The judgment of the trial court awarding appellee Gambill a judgment against the garnishee, the city of Corsicana, and decreeing that the intervener, appellant, take nothing, be set aside and judgment here rendered that appellee take nothing by his suit against the garnishee.

[13] We are unable to render judgment in favor of appellant against the garnishee, because there is no competent evidence in the record upon which such judgment can be based. The intervener is not entitled to a judgment by default against the garnishee, and the record fails to show by competent evidence the exact amount owing by the city

of Corsicana upon the contract involved in this controversy.

The cause will therefore be remanded for a determination of the issue between the appellant and the garnishee.