## SHELTON et al. v. PROVIDENCE WASHINGTON INS. CO. et al.

### No. 3855.

Court of Civil Appeals of Texas. El Paso.

June 29, 1939.

Rehearing Denied July 13, 1939.

Cunningham & Lipscomb, of Bonham, for appellant.

Albert L. Miller and Bell, Goode, Heinen & Miller, all of Dallas, for appellee City of Ladonia.

· HIGGINS, Justice (after stating the case as above).

Appellants complain of the overruling of an exception to the petition of the intervener. The exception reads: "The defendant specially excepts to the plea ·of intervention of the City of Ladonia and says that the petition shows no right to recover or cause of action in this suit for the reason that if there were any taxes due· or payable, all tax units would be necessary parties thereto, and that the petition fails to show on its face that the State, County and School District taxes are all paid, or what amount, if any, is delinquent, and of this she prays judgment of the Court."

In support of the exception appellants cite Chapter 506, Acts 45th Legislature, p. 1494-a, Vernon's Ann.Civ.St. art. 7345b.

■ We doubt if the Act cited has any application whatever to this action. In any event, the exception is without merit. The petition in intervention does not disclose that there are delinquent taxes against the land due other taxing units. For this reason the exception was properly overruled. If in fact there is a defect of parties in that respect, it is a matter which appellants should have raised by plea in abatement and evidence in support thereof, as was done in Willacy County Water Control & Improvement Dist. No. 1 v. Lewis, Tex.Civ.App., 119 S.W.2d 159.

The judgment rendered, however, is erroneous.

In the first place the Court erred in charging and rendering judgment against Mrs. Shelton for all of the delinquent taxes against the land.

■ When A. H. Woods died intestate the title to the land passed by inheritance to his heirs at law. As one of such heirs Mrs. Shelton acquired an undivided one-half interest and a homestead estate in the other one-half terminable upon her death or abandonment of such homestead right. This other one-half interest passed to the other heirs at law subject to the surviving wife's homestead right. The Court found that Mrs. Shelton abandoned the property "as a homestead as much as seven years prior to filing this suit." This finding is not challenged. It does not definitely fix the exact date of such abandonment, but from the evidence it is manifest the abandonment occurred prior to 1930.

■ In this condition of the title Mrs. Shelton, after abandonment of the property as a home, was liable only for the taxes chargeable against the undivided one-half interest which she owned in fee simple. She had never rendered the property for taxation, and there is no other fact which would estop her from asserting that she owned only an undivided one-half interest in the land and chargeable only with the taxes against that interest for the years 1930 to 1937, inclusive.

For this reason the Court erred in rendering judgment against her for the full amount of the delinquent taxes.

■ The Court also erred in ordering any part of the deposited fund paid to the City of Ladonia in satisfaction of the delinquent taxes. The City had no lien of any character against the deposited fund. The Court correctly so found. Nor was there any contractual relationship between Mrs. Shelton and the City which would give to the latter any right to have any part of the proceeds of the insurance policy applied to the payment of the taxes due the City.

■■ A policy of fire insurance "is a personal contract between the insurer and the insured, and not a contract which in any sense runs with the property." 26 C.J., Fire Insurance, Sect. 581. The same authority at Section 594 says: "One who has a mere lien only on the insured property has no claim to the insurance money realized by the insured in the event of a loss of the property, for a claim on the insurance money can arise only out of contract. But where the insured has agreed to insure for the benefit of another, who has an interest in the subject of insurance, such other has an equitable lien upon the proceeds." See also Walter Connally & Co. v. Hopkins, Tex.Civ.App., 195 S.W. 656.

For the reasons stated those propositions are sustained which complain of the judgment ordering payment of any part of the taxes out of the fund deposited in the registry of the Court.

The judgment will be reformed so as to conform to the foregoing rulings and as thus reformed will be affirmed.

■ The Court should have established and foreclosed the City's statutory lien against Mrs. Shelton's one-half interest in the land, but this Court cannot so correct the judgment because the City presents no cross-assignment of error.

The City was also entitled to judgment against the executors and children of John Woods for the taxes chargeable against the other one-half interest in the land, with foreclosure of the City's statutory lien against said one-half interest, but this Court cannot so correct the judgment because said executors and children are co-appellees with the City and the City has not appealed from the judgment rendered.

Reformed and affirmed.