HOME IMPROVEMENT LOAN CO.,
Appellant,

v.

James BREWER et ux., Appellees.

No. 15440.

Court of Civil Appeals of Texas.

Dallas.

July 25, 1958.

Rehearing Denied Nov. 7, 1958.

Roy C. Coffee and Peter S. Chantilis, Dallas, for appellant.

Carter, Gallagher, Jones & Magee, and Harold A. Mueller, Dallas, for appellees.

YOUNG, Justice.

In this, a garnishment proceeding, appellant and third party defendants James Brewer, et ux., each filed motions for summary judgment, Rule 166–A, Texas Rules of Civil Procedure, claiming superior rights in and to the proceeds of a fire insurance policy paid into court, following loss by fire of the Brewer home at Mexia, Texas on June 16, 1957. On trial to the court of above motions, appellant loan company was awarded $923.92 of the fund impounded, and the Brewers the sum of $1,686.73. Both parties being dissatisfied with such award have given notice of appeal.

Brewer, and wife, hereinafter styled appellees or defendants, claimed the entire fund so garnished because same accrued as a result of loss by fire of their homestead, household goods and fixtures which, they say, constituted exempt property and not subject to garnishment, attachment or execution. Appellant's assertion of prior claim consists of a judgment theretofore rendered against the Brewers in the amount of $2,351.98, together with foreclosure of mechanic's, materialmen's and deed of trust liens against said homestead property; also perforce of ownership of the balance due of $690.37 and accrued interest on the Taft Gillespie first lien note against the subject property and provisions of the various deeds of trust executed by the parties in such connection. A background of this controversy must first be detailed, all transactions and events relating to the Brewer improved property known as Lot 5, Block C, XXXIX Addition to the City of Mexia, Texas.

On January 20, 1955 plaintiff or appellant loan company purchased from Ace Insulation Company a contract for labor and material together with deed of trust executed by the Brewers; also evidenced by note in the principal sum of $1,722.60, payable in monthly installments. On September 12, 1955 appellant filed suit, (in Cause No. 3097, 116th District Court Dallas County,) against appellees on said Ace Insulation Company note for recovery of the $1,722.60 due thereon, plus interest, attorney's fees and foreclosure of the mechanic's lien securing same. A provision of this mechanic's lien instrument with reference to insurance reads as follows:

"That if the owners shall * * * fail to keep said improvements fully insured against fire and other hazards * * * the holder of said note may at his option, declare the entire remaining unpaid balance of said note immediately due * * *."

And on April 16, 1956 a default judgment was rendered in favor of appellant for balance due on said note with right of foreclosure.

Previously and in October 1951 the Brewers had executed to Taft Gillespie a Mechanic's and Materialmen's contract for erection of a house on above described lot, evidenced by note in principal sum of $2,025, payable in monthly installments; and on September 3, 1955 appellant loan company purchased from Taft Gillespie the balance due on this 1951 note, secured as aforesaid by mechanic's lien, deed of trust note, which was superior to their lien note purchased from Ace Insulation Company. A provision of the Taft Gillespie deed of trust so assigned to the loan company reads as follows:

"It is also further agreed and stipulated that the parties of the first part shall, at their own cost and expense, keep the property and premises herein described, and upon which a lien is hereby created, in good repair and condition, and to pay all taxes due and to become due thereon, before the same shall become delinquent, and shall keep the buildings if any, and improvements that are insurable, insured in a sum of at least $2,025 in some fire insurance company approved by the party of the second part, or other holder of said notes, to whom the loss, if any, shall be payable, as his interest may appear; * * *"
"It is agreed and stipulated that the parties of the first part herein shall and will at their own proper cost and expense, keep the property and premises herein described, and upon which a lien is hereby given and created, in good repair and condition and pay and discharge as they are or may become payable, all and every taxes and assessments that are or may become payable thereon under any law, ordinance or regulation, whether made by Federal, State or Municipal authority, and shall keep said property fully insured in some company or companies approved by the holder of said indebtedness, to whom the loss, if any, shall be payable."

On November 29, 1955, the Brewers executed to plaintiff loan company a $2,-600 deed of trust installment note representing an extension and renewal of the balance due on the two notes above described (Taft Gillespie and Ace Insulation;) said deed of trust instrument reciting with reference to insurance as follows:

"The undersigned further covenant with said Trustee that they at all times, during the continuance of this trust, keep the buildings and improvement now on, or hereafter to be erected on, said premises, insured against loss by fire and tornado to the amount sufficient to cover the loan therein given or to the extent insurance can be obtained thereon, in companies acceptable to and with loss payable to said Trustee, or his successors, for the benefit of the payee or the legal holder and owner of said note, and deliver the policies to said Trustee, or his successors * * *."

On June 16, 1957 said premises of appellees' at Mexia were destroyed by fire and thereafter on June 26, 1957 appellant filed application for writ of garnishment in cause No. 27072-F, 116th District Court Dallas County predicated on the judgment obtained by it in the same court in April 1956 for $2,351.98, claiming that garnishee Glens Falls Insurance Company was indebted to defendants (Brewers) for $2,500 under a certain policy of fire insurance. The insurance company answered alleging that prior to time of the loss it had issued to James Brewer a policy of fire insurance for $2,500 (plus other coverage not here material) against the property in question; that no mortgagee or other person was named as having any interest in the premises or proceeds of any insurance policy; tendering $3,610.65 into court, and interpleading the Brewers, among others, for determination of conflicting claims and praying for discharge with allowance of attorney's fees. Answer of the Brewers in this garnishment or interpleader action, asserted exempt nature of the impounded monies relative to claims of the loan company as already stated; the latter by supplemental petition claiming superior rights pursuant to its April 1956 judgment of foreclosure; also the above quoted recitals of Ace Insulation contract, Taft Gillespie deed of trust and the later consolidated first and second lien deed of trust of October 29, 1955. The court's judgment discharging the insurance company along with the allowance of attorney's fees left all other matters raised in said garnishment suit undetermined. All of above instruments (deeds of trust, notes, contracts)

were placed in evidence by appellant and are set forth in an agreed statement of facts; appellees not questioning their execution.

We now come to the two motions for summary judgment; the Brewers as a basis therefor relying on all pleading in the pending garnishment proceeding No. 27072; pleadings and court records in cause No. 3097, wherein the April 1956 judgment was obtained against James and Lillian Brewer; their affidavit disclosing homestead status of the property destroyed by fire; consequent exemption of proceeds of fire insurance thereon, and absence of any agreement relative to insurance contained in the Ace Insulation contract for mechanic's and materialmen's lien. Like motion of the loan company for summary judgment was based (1) on the self same writ of garnishment impounding the insurance policy proceeds following the April 1956 judgment against the Brewers for $2,351.98 and order foreclosing mechanic's lien; recitals of the Ace Insulation contract that a failure to keep the property fully insured against fire would entitle the note holder to declare same immediately due; and (2) recitals of deed of trust and mechanic's lien securing the Taft Gillespie note of October 27, 1951. Appellant in trial amendment filed subsequent to date of the court judgment under review also relied on the same consolidated deed of trust recitals of date October 29, 1955 contractually providing for insurance for benefit of said loan company.

Appellant's two points of appeal are similar in content; and its primary point need only be quoted, viz.:

"Appellant being the owner and holder of a judgment of foreclosure and further being the owner and holder of three liens and deeds of trust wherein Appellees obligated themselves to provide insurance on said house and property for the protection of said liens, * * * the Trial Court erred in awarding and entering judgment for Appellees in the sum of One Thousand Six Hundred Eighty-Six and 73/100 dollars ($1,686.73) out of the proceeds of said insurance."

Appellees' counter points and cross-assignment of error are as follows: The trial court correctly entered summary judgment in favor of appellees (1) "for the reason that the mechanic's lien and deed of trust originally executed by appellees to Ace Insulation Company did not contain any contractual provision whereby appellees were required to keep the property insured for the benefit of appellant;" (2) "for the reason that appellant by instituting suit on the note and the mechanic's lien originally executed by appellees to Ace Insulation Company and prosecuting such suit to a final judgment, elected to rely upon the provisions of such mechanic's lien and could not thereafter invoke the provisions of the consolidated deed of trust which was executed by appellees after the institution of such suit." (Counter Point) "The trial court erred in entering summary judgment in favor of appellant for the balance due on the note originally executed by appellees to Taft Gillespie, for the reason that the trial court in a garnishment proceeding has no power to adjudicate controversies between the plaintiff in garnishment and another party (appellees in this case) interpleaded by the garnishee."

Concededly, the premises owned by the Brewers constituted exempt property; and applicable to the above agreed statement of facts are the following principles of law: (1) That proceeds of an insurance policy upon exempt property are not liable for debts of the insured, even though a party may have a valid lien upon such exempt property; Shelton v. Providence Washington Ins. Co., Tex.Civ.App., 131 S.W.2d 330; Stratton v. Westchester Fire Ins. Co. of N. Y., Tex.Civ.App., 182 S.W. 4, 6; Mosley v. Stratton, Tex.Civ. App., 203 S.W. 397; (2) Claim by the lienor to such proceeds must rest on a contractual basis; that is, if the mortgagor

has agreed to insure the property for the benefit of the mortgagee, an equitable lien is created on the proceeds of the policy, even though the property itself was exempt from forced sale. Mosley v. Stratton, supra.

 The foregoing rules of decision have bearing on the Ace Insulation's deed of trust (basis of appellant's April 1956 judgment of foreclosure and subsequent proceeding in garnishment). Manifestly the recitals therein merely for acceleration of note payment if owners should fail to keep the property fully insured against fire, did not amount to a contractual provision between the parties for insurance. But the Taft Gillespie deed of trust, validity of which is not disputed, did contain a covenant sufficient to charge the proceeds of any insurance taken out by the mortgagor with a lien in favor of the mortgagee; the trial court recognizing same and establishing appellant's superior right to the extent of $923.92—balance due on the Taft Gillespie debt.[1]

 But appellees assert that the rights of appellant are restricted to its judgment of foreclosure on the Ace Insulation Company indebtedness; in cross-assignment arguing that resort cannot be had to the Taft Gillespie deed of trust covenant between mortgagor and mortgagee for fire insurance "of at least $2025.-00." Said cross-assignment must be overruled. When the garnishee has paid the funds into court and by interpleader brought all claimants in to protect itself against double liability, the court has jurisdiction to adjudicate the conflicting claims of the parties thereto. Thompson v. Fulton Bag & Cotton Mills, 155 Tex. 365, 286 S. W.2d 411. In the instant situation appellees claim the entire fund as exempt from garnishment; appellant in rebuttal simply

asserting superior rights under its ownership of the Taft Gillespie deed of trust. The contractual provision therein for insurance bears directly upon the sole issue to be tried in a garnishment proceeding; i. e., as to whom the garnishee shall pay the fund; 20-B Tex.Jur., Sec. 134, p. 365. Appellant's trial procedure constituted no injection of collateral issues, such as in City Nat. Bank of Lawton, Okl. v. Lummus Cotton Gin Sales Co., Tex.Civ.App., 297 S.W. 563 (cross-action for damages;) or in Braddock v. Gambill, Tex.Civ.App., 291 S.W. 306 (that an intervenor was indebted, not to defendant, but to plaintiff in garnishment). Thus distinguished on the facts, we are in accord with the principles announced by the Austin Court in City Nat. Bank of Lawton, Okl. v. Lummus, supra [297 S.W. 566] as follows:

"In the cases cited above and in all cases cited by appellee, and in all cases reviewed by us, both the plaintiff in garnishment and the interpleaded party claimed by virtue of an asserted right against the common debtor, and in which cases it was proper to adjudicate which of the parties claimant had the superior right to the fund impounded. * * * Garnishment proceedings are statutory and ancillary to the original suit out of which they issue. Kelly v. Gibbs, supra [84 Tex. 143, 19 S.W. 380, 563]. And the only issue to be tried in a garnishment proceeding relates to the ultimate right to subject the fund to the claim of plaintiff in garnishment. If a third party intervenes, claiming the fund, the only issue is, who is entitled to the fund in this special statutory proceeding? It is not a proceeding in which the plaintiff in garnishment and the impleaded intervener may settle all their personal differences."

1. Appellant's consolidated deed of trust indebtedness of October 1955 was composed in part of the Ace Insulation note, reduced to judgment in April 1956; and to that extent all rights possessed by appellant in the last mentioned deed of trust were merged in said judgment; precluding a resort thereto. Gandy v. Cameron State Bank, Tex.Civ.App., 2 S. W.2d 971; Holland Texas Hypotheek Bank v. Broocks, Tex.Civ.App., 266 S.W. 183.

However, appellant's points are also overruled and judgment of the trial court affirmed.

Affirmed.

### On Motion for Rehearing

 Appellant strongly contends that it is entitled to the entire fund perforce of the October 1955 deed of trust contract for insurance; said transaction being in renewal of the original Ace Insulation mechanic's lien note. On said date this note was in suit, but appellant did not amend and seek the benefit of such later transaction; electing, on the other hand, to take judgment in April 1956, foreclosing its mechanic's lien containing no clause requiring the Brewers to insure the property for benefit of the lien holder. Having elected to rely solely upon the provisions contained in the note executed originally to Ace Insulation, said plaintiff is bound thereby. As a matter of law the judgment thereon effectuated a cancellation of same; and precludes a resort to provisions of the renewal note and deed of trust of October 1955. 15-B Tex.Jur. p. 345; Dollins v. Brooks, Tex.Civ.App., 229 S.W. 344.

Art. 6.15, Vernon's Ann.Civ.St., Insurance Code, headed "Interest of Mortgagee or Trustee" is here invoked for the first time. It reads: "The interest of a mortgagee or trustee under any fire insurance contract hereafter issued covering any property situated in this State shall not be invalidated by any act or neglect of the mortgagor or owner of said described property or the happening of any condition beyond his control, and any stipulation in any contract in conflict herewith shall be null and void." We do not regard the quoted Article as having any bearing on the facts and circumstances of this case.

After due consideration, the motion is overruled. Appellees' motion for rehearing is likewise overruled.